# WHEELING.

STATE v. ROLLINS.

Submitted June 15, 1888.—Decided June 27, 1888.

APPEAL—REVIEW—FAILURE TO MOVE FOR NEW TRIAL—WAIVER OF ERRORS.

In a case tried by a jury, no matter how many exceptions are taken to rulings of the court during the trial, unless a motion is made in the trial-court to set aside the verdict, and that motion is overruled, and an exception taken, or objection made, to the over-ruling of such motion is noted on the record, all such errors will by the appellate court be deemed to have been waived.

*W. S. Laidley* and *L. A. Martin* for plaintiff in error.

*Attorney-General Alfred Caldwell* for the State.

JOHNSON, PRESIDENT:

The defendant was, in December, 1887, in the Circuit Court of Kanawha county, indicted for burglary. The prisoner moved to quash the indictment. The motion was over-ruled, and he pleaded not guilty. The issue was tried by a jury, and on the 15th day of December, 1887, a verdict of guilty as charged in the indictment was rendered. The prisoner moved to set aside the verdict, and for a new trial, on the ground that the verdict was against the law and evidence. This motion was by the court, on the 23d day of the same month, overruled. The entry shows that the prisoner " was set to the bar in the custody of the sheriff; and there-upon the motion to set aside the verdict of the jury therein and award the defendant a new trial being argued and con-sidered by the court is overruled ; and thereupon the court doth fix the term of his confinement in the penitentiary of this State at five years," *etc. ;* and thereupon the court passed sentence upon the prisoner. The record shows no objection or exception to the overruling of the motion for a new trial. The prisoner saved two exceptions to the rulings of the court : one to the refusal of the court to give an instruction asked by the prisoner; and the other certifies all the evidence, and

is to the admission of certain confessions of the prisoner. To the judgment the prisoner obtained a writ of error. The indictment is in the usual form of an indictment for burglary, and is a good indictment.

It is argued by the prisoner's counsel that the indictment does not appear by the record to have been found by a grand jury, nor indorsed, " A true bill." The return of a writ of *certiorari* obtained on motion of the attorney-general shows the finding and indorsement in regular form. The court, having disposed of all the errors assigned except such as may have been committed during the trial, is not permitted to examine into the errors assigned as committed during the trial, because no exception or objection was taken to the overruling of the motion for a new trial. In *Thompson's Case*, 26 W. Va. 150, this Court held, as it had a number of times before, that in a case tried by a jury, no matter how many exceptions are taken to rulings of the court during the trial, unless a motion is made in the trial court to set aside the verdict, and that motion is overruled, and an exception or objection made to the overruling of such motion is noted in the record, all such errors will by the appellate court be deemed to have been waived. *Congrove* v. *Burdett*, 28 W. Va. 220; *Brown* v. *Brown*, 29 W. Va 777, 2 S. E. Rep. 808. We, therefore, can not look into the assignment of error contained in the two bills of exceptions. The judgment of the Circuit Court is affirmed.

AFFIRMED.