# CHARLESTON.

GILMER *v.* SYDENSTRICKER *et al.*

Submitted January 24, 1896—Decided April 4, 1896.

1. EXCEPTIONS—TRIAL—VERDICT.

An exception to an opinion of the court pending a jury trial should be made at the time of its expression, but it is not too late if made before the retirement of the jury. An exception for refusal to set aside the verdict and grant a new trial may be made not later than the close of the term.

2. NEW TRIAL.

Discussion of motions for new trial.

3. REVERSAL—VERDICT—EVIDENCE.

A verdict ought not to be set aside by this Court as contrary to evidence where the evidence is conflicting, unless it manifestly appears that it was moved by passion, prejudice, or other evil influence, or is plainly against the clear and decided preponderance of evidence, and its setting aside is called for by the demands of justice.

A. C. SNYDER and W. P. RUCKER for plaintiffs in error, cited 37 W. Va. 606; 38 W. Va. 438, 455; 26 W. Va. 274; 24 W. Va. 657; 29 W. Va. 777; Code, c. 131, s. 9; 47 Am. Rep. 802; 39 W. Va. 659, 671; 40 W. Va. 484; 6 Am. & Eng. Enc. Law, 31; 47 Mich. 576; 63 Am. Dec. 611.

J. W. ARBUCKLE and L. J. WILLIAMS for defendant in error, cited 14 W. Va. 157; Code c. 131, s. 9; 15 Gratt. 64, 122; 25 Gratt. 361; 26 Gratt. 320; 27 Gratt. 530; 14 W. Va. 157-172; 2 W. Va. 285, 295; 5 W. Va. 18; 14 W. Va. 164, 165; 38 W. Va. 59, 727; 29 W. Va. 777; 37 W. Va. 45, 606, 806, 797; 26 W. Va. 276; 24 W. Va. 105; 21 W. Va. 712; 39 W. Va. 669; 41 W. Va. 229, 407; 26 W. Va. 274; Code, c. 135, s. 22; 31 W. Va. 363; 40 W. Va. 484; 6 Am. & Eng. Enc. Law, 31 notes; 57 Am. Dec. 455; 4 Am. St. Rep. 548; 63 Am. Dec. 611; 47 Am. Rep. 804.

BRANNON, JUDGE:

Plaintiffs in error ask us to review the action of the court in refusing to set aside the verdict as contrary to law and evidence, and defendant in error says that we can not review this action, because the bill of exceptions is no part of the record, and, if it be, there was no exception to such action of the court made at the time of such action.

As to the first point. The order in the case refusing a new trial and rendering judgment shows that leave was given the defendants to file a bill of exceptions within thirty days, and that bill shows it was signed and certified within thirty days. I need say no more to prove that the bill is part of the record. But a bill of exceptions is not the exception itself. It is a document that attests or certifies the exception or objection made to the ruling of the court, and if the record shows no exception, or one out of time, the bill is abortive. Then does the record show that exception was at any time made to the action of the court refusing a new trial? Looking at the order and the bill of exceptions, as both are parts of the record, I see that the order shows a motion to set aside the verdict, that it was overruled, and that judgment was rendered, and that thirty days was given defendants to file a bill of exceptions. This shows that the defendants excepted to some action of the court, else why a bill of exceptions? To what did they except? We may fairly say it was to that action of the court spoken of in that order, the refusal of a new trial. And the certificate of the bill of exceptions is that a motion for a new trial was made and refused, and in immediate connection it goes on to say that the defendants asked the court to grant thirty days in which to file a bill of exceptions to the "rulings of the court." This word "rulings" in the plural covers all rulings, including that on the motion for a new trial. Thus the record shows that objection was made to the rulings of the court, and that there was no waiver as to them. There must have been such objection or exception, properly speaking, else the court would not have signed a bill to attest them. That there was exception is unquestionably implied, though not positively stated. *Wickes* v. *Railroad*

*Co.*, 14 W. Va. 157, speaks only plain sense when it says that, while a point decided by the court must be saved, yet, if the fact that it was saved appears from the whole record, "or if facts appear in the record from which it may be fairly inferred or presumed, it is sufficient." The suggestion is made by counsel that the clause in section 9, chapter 131, Code, "Any party may avail himself of any error appearing on the record by which he is prejudiced, without excepting thereto," dispenses with an exception; but, whatever that clause was designed to accomplish, it has been twice held to dispense only with a bill of exceptions not with an exception. *Perry* v. *Horn*, 22 W. Va. 381. So much (and it is too much) to endeavor to show that exception was taken to the opinion of the court refusing a new trial.

But it is said that the exception was made too late. The bill of exception shows that the motion for a new trial was made and refused August 6th, and on August 7th the defendants asked thirty days time to file a bill of exceptions, and that on August 8th the court added to said order, overruling the motion for a new trial, and giving judgment, the words, "The defendant is granted thirty days in which to file a bill of exceptions." This all took place in term. When does the law require an exception to be made? If the ruling is upon admission or rejection of evidence, or other matter upon a jury trial, it must be before the jury retires. It is generally just at the ruling, but it need not necessarily be just then. If it be before the jury retires, it is time enough, as it notifies the court, and enables it to review and recall any ruling. This seems well settled. *Telegraph Co.* v. *Hobson*, 15 Gratt. 122; *Nadenbousch* v. *Sharer*, 2 W. Va. 285; *Robinson* v. *Pitzer*, 3 W. Va. 335; *Wickes* v. *Railroad Co*, 14 W. Va. 157. And it seems that as to instructions the exception may be even after the jury retires, if before verdict. *Nadenbousch* v. *Sharer*, 2 W. Va. 285; *Core* v. *Marple*, 24 W. Va. 354. How is it as to a refusal to set aside a verdict? I should think it not too late at any time during the term. It would seem from *Perry* v. *Horn*, 22 W. Va. 381, that an exception for refusal to set aside a judgment may be made during the term. What

reason is there in refusing a party privilege to except during the term? Why require it at the instant of the ruling? In this case, on the day after the ruling, the defendants asked time to file a bill of exceptions. They likely excepted before, as the leave to file a bill imports or implies that; but suppose that the first time of exception. It was not too late. We must struggle to save to parties the efficacy of bills of exception and other steps taken to present their grievances to the decision of the courts, instead of rendering them abortive on technicalities.

Counsel for plaintiffs in error claim that there need be no exception to a refusal of the court to set aside a verdict, and that the motion to set it aside is *per se* a protest against it, and negatives all idea of waiver of objection to it or acquiescence in it. Logically it would seem so to me. It would seem that if the evidence is before this Court, certified by the court, which is a notice to him that his decision on it is unsatisfactory and will be appealed, this Court ought to review it, though there be no exception. But the language of several decisions requires that there be an objection to that ruling of the court shown by the record. *Danks* v. *Rodeheaver*, 26 W. Va. 274; *State* v. *Rollins*, 31 W. Va. 363 (6 S. E. 923); *State* v. *Thompson*, 26 W. Va. 149; *Congrove* v. *Burdett*, 28 W. Va. 220. But it is not necessary to say whether these decisions are correct on this point, as I am clear that the record does show an exception.

Next, as to a new trial. The plaintiff, Gilmer, claims that he went in company with Johnson to the drug store of defendants, O. P. Sydenstricker & Co., and presented a prescription for three pints of whisky; that one of the defendant partners directed a colored employe (Simpson) in their store to fill it, and that he left the store to go to his buggy, leaving Johnson to bring the whisky when the bottles should be filled; that Simpson by mistake took up a pint bottle of a mixture of nux vomica, which was on the table where the prescription was being filled, and put it in the box as one of the three pints of whisky, and that the plaintiff drank some of the mixture, was poisoned by it, and received great injury therefrom. The plaintiff claims that this blunder of the agent of defendants was the cause

of the injury. The defendants claim that Simpson filled and sent the plaintiff by Johnson three bottles of whisky, and that Johnson, the agent of plaintiff, stole the bottle of nux vomica, and substituted it in the box in place of one of the pint bottles which Simpson had properly placed in it, and that plaintiff's injury flowed from the wrongful act of his own agent. Much evidence was taken on this issue. Johnson swore he did not take this bottle of nux vomica, while others swore that he did; thus making square conflict. Under the rule existing before the enactment of section 9, chapter 131, Code 1891, we would simply ignore all the evidence of defendants conflicting with that of plaintiff; but under that statute the Court is required to consider this conflicting evidence, and thus our powers are enlarged. Before this statute the function of this Court in determining whether it would set aside a verdict approved by the circuit court because contrary to evidence was delicate and embarrassing, and is perhaps more so now that we are commanded to weigh conflicting evidence, and not ignore it. On the one hand, we must not forget that it is peculiarly the province of a jury to weigh oral evidence, and pass on its credibility, and that we must respect the province of a jury; on the other hand, we meet with a few verdicts which from passion, prejudice, mistake, or some controlling influence do downright injustice under the evidence, calling loudly for supervision and control. A crying injustice can not be shielded by even a verdict of a jury. The trying thing with the appellate court is to find that road in the many cases which shall regard the province of the jury trial properly, and overthrow unjust verdicts. It seems to be thought of late that verdicts possess an immunity and force which would impart to them an infallible sanctity which they never possessed in Virginia or in this state before the passage of the act referred to, for the cases are without number where the appellate court has reversed them, and in some cases where the evidence conflicted. *Grogan* v. *Railroad Co.*, 39 W. Va. 419 (19 S. E. 563); Bart. Law Prac. 732. But while this is true, we must keep in ever present memory the reflection that juries are the judges of the weight of oral evidence and the credibility of the

witnesses; that when the jury has discredited witnesses, and the circuit court has approved the verdict, it is a most hazardous thing for this Court to overrule them, because we can not see the witnesses, observe their countenances, their gestures, their bearing and demeanor, as did the jury and judge; we are not persons in the drama of the trial, as were they; we can not see all the figures and incidents in the scene of the trial. Judge Baldwin well said in *Patterson* v. *Ford*, 2 Gratt. 26, that an appellate forum is but ill adapted to safe and correct decision on an application for a new trial; that "any tribunal by which the question is decided ought to have before it all the circumstances of the case in full development, all the details of the evidence without subtraction or diminution, and thorough information of the exact credit and weight due to the testimony of the several witnesses. All this the judge who presides at the trial has the best opportunities of acquiring. But how can it be transferred to paper, and carried to the appellate forum? Let those conversant with jury trials give answer." Judge Snyder, in *State* v. *Cooper*, 26 W. Va. 340, well said that in Virginia and this state the courts have "always regarded with jealous care the province of a jury. If the question depends on the weight of testimony, or inferences and deductions from the facts, the jury, and not the court, are exclusively and uncontrollably the judges. This conclusion is based on the well established rule that the jury are the sole judges of the evidence, the credibility of all admissible testimony, and the inferences from the facts and circumstances proved. *State* v. *Thompson*, 21 W. Va. 741." This doctrine especially applies where the credibility of witnesses is involved. Everywhere we can find it asserted. In times gone by, the Virginia courts would not let the credit of witnesses be presented to an appellate court on a motion for a new trial. Judges Green and Cabell in *Ewing* v. *Ewing* 2 Leigh, 342, 345; *Bennett* v. *Hardaway*, 6 Munf. 125. The facts must have been certified. United States courts do not allow an appeal on the finding of a jury. The logic of these views, and the policy of the rule they state, are just as vital now under our new statute as before. Under it we can consider all the evidence, including cases of conflict.

We can set aside a verdict where manifest justice calls for vindication against what would seem to be the result of passion, prejudice, or some malign influence, setting at naught the vast weight and plain showing of the case; but the call must be very loud and plain. I prefer for myself the old rule stated in *State* v. *Flanagan*, 26 W. Va. 116, rejecting the oral evidence of exceptor conflicting with that of the other side, as being safer, all things considered. I would not, under the new law, upon conflicting evidence, where no other element is present than mere evidence, set aside a verdict, even though impressed by the evidence with dissatisfaction with it. I must see that it is so plainly wrong as to be almost a travesty upon justice.

In this case the jury upon the evidence has found that the employe of the defendants by mistake delivered to Johnson, for Gilmer, the bottle of the poisonous mixture in place of whisky, and that Johnson did not steal it, and substitute it for one of the bottles of whisky; and this conclusion that jury could not and did not reach without discrediting the witnesses introduced to show that Johnson stole the bottle, as we can see that it was dependent infallibly on the credit of witnesses. In such cases we can not interfere. *Akers* v. *De Witt*, 41 W. Va. 229, (23 S. E. 669). We have no power, properly exercised, to invade the verdict approved by the trial court.

The case of *Johnson* v. *Burns*, 39 W. Va. 658, (20 S. E. 686) is correct, but must not be carried too far as a precedent to warrant the overthrow of verdicts in the appellate court. On page 671 (39 W. Va. and page 686, 20 S. E.) in that case, I stated that if the case were to be decided on the evidence of the conflicting witnesses alone, though the preponderance was with the defense, the state of the case would have been different from what it was; and that certain undisputed facts came in with telling effect to corroborate the defendant's witnesses, relieving us from deciding purely and only on the conflicting oral evidence.

We must affirm the judgment.