# CHARLESTON

MORRISON v. FAIRMONT & CLARKSBURG TRACTION COMPANY.

Submitted June 9, 1906.   Decided November 20, 1906.

1.   EMINENT DOMAIN— *Taking of Land—Action for Damages.*
      Evidence of the taking and appropriation of land is admissible under a declaration which alleges that the defendant laid its railroad track *along* and *upon* the property of the plaintiff.   (p. 443.)

2.   TRIAL—*Instructions—Modifications.*
      One offering an instruction is entitled to have it given in his own language, if it correctly propounds the law applicable to the case, where there is evidence to support it, and where it is not misleading, obscure or confusing.   (p. 444.)

3.   APPEAL—*Harmless Error.*
      Where such instruction is refused, but modified and given, it is not reversible error, if it clearly appears that the instruction, when modified and given, is the same, in legal effect, as the one so offered and refused.   (p. 444.)

4.   EMINENT DOMAIN—*Construction of Railroad—Action for Damages.*
      The measure of damages for injury to land resulting from the construction of a railroad, is the diminution of the value thereof immediately after the construction of the road as compared with

its value immediately before such work, assuming such construction to be an instantaneous act; but in determining the value immediately after the construction, the increase, if any, on account of general benefits arising from the construction and operation of the road should be deducted from, and all peculiar benefits derived should be added to, such value.  (p. 446.)

5.  SAME—*Compensation.*

Where land is taken by a railroad company, peculiar benefits cannot be set off against the value of the land so taken, but the compensation to be paid the owner is the true market value thereof. Benefits can only be set off against damages to the residue of the tract.  (p. 447.) .

Error to Circuit Court, Harrison County.

Action by James H. Morrison against the Fairmont & Clarksburg Traction Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

DAVIS & DAVIS, GEORGE M. ALEXANDER, and OSMAN E. SWARTZ, for plaintiff in error.

E. D. LEWIS and H. W. HARMER, for defendant in error.

SANDERS, JUDGE:

The plaintiff, Morrison, instituted an action of trespass on the case in the circuit court of Harrison county, against the Fairmont and Clarksburg Traction Company, for the recovery of damages alleged to have been sustained by him. A trial before a jury was had, which resulted in a verdict and judgment for the plaintiff, to which judgment the defendant has applied for and obtained a writ of error.

The plaintiff was, at the time of the injury complained of, the owner of a farm containing about three hundred and thirty acres, lying in Harrison county, which is traversed by the North-Western Turnpike for about three-fourths of a mile, and the ground of complaint is that the defendant company, being a duly chartered railroad corporation, and acting under a franchise granted by the county court of Harrison county, laid and constructed upon the said turnpike a line of railroad the whole distance of plaintiff's farm.   In building its line, it is charged that the defendant damaged the plaintiff's farm in making deep cuts and fills, in tearing down and moving his fences, in destroying and interfering with the

ways to and from his residence, and in laying its track along and upon his farm.

The first ground of complaint we will notice is that the court over the objection of the defendant, permitted certain evidence to go to the jury tending to show that the defendant had actually taken and occupied a portion of the plaintiff's land.   Not only was this evidence objected to, but the defendant asked for an instruction telling the jury not to consider it, because not admissible under the declaration; it being claimed that the action is for the recovery of damages for injury to plaintiff's farm, and not for land taken, occupied or appropriated.   The declaration charges that the railroad was laid *along* and *upon* the property of the plaintiff.   This allegation, we think, is sufficient under which to admit the testimony.   If it is true that the railroad was laid upon the plaintiff's property, this would give him a good cause of action.   This the declaration charges, and under the allegation we think the evidence was properly admitted.

Then it is insisted that even if the evidence was admissible under the declaration, that still the court should have excluded it because of its indefinite character.   It is true the evidence is indefinite, but this goes to its weight and not to its admissibility.   The witnesses do not undertake to fix the quantity and value of land taken separate from the damages to the farm, and, in fact, it may be questioned from the evidence as to whether or not any land was taken.   The jury must judge of the value of this evidence.   In an action of this kind, such evidence is admissible.   We must strive to uphold verdicts, and must never overthrow them upon slight grounds and bare technicalities.

The next reason assigned for reversal is that the court refused to give a certain instruction to the jury, which is as follows:

"IV.   The court further instructs the jury that no occupancy or enclosure of a public road or highway no matter how long continued, can give the invader any title or right thereto; and that the defendant under the franchise granted to it by the county court of Harrison county was entitled to occupy any portion of the public highway whether the same had been theretofore encroached upon by the enclosure of the plaintiff or not, and that if the plaintiff had encroached upon

said highway and placed his fences thereon the defendant was entitled to remove such fences and to occupy the highway and the plaintiff can recover no damages by reason of the land so taken and occupied by the defendant."

But modified it and gave it in the following form:

"IV. The court further instructs the jury that no occupancy or enclosure of a public road, or highway, no matter how long continued, can give the invader any title or right thereto; and that the defendant under the franchise granted to it by the county court of Harrison county was entitled to occupy any portion of the public highway necessary for its purposes."

A party is entitled to an instruction in his own language, if it correctly propounds the law applicable to the case, and is not misleading, and there are facts in evidence to support it. *State* v. *Evans*, 30 W. Va. 417; *Jordon* v. *Benwood*, 42 W. Va. 312. Where such instructions are asked a court should, without hesitation, give them. It is a right a party has to couch his instructions in his own language, and when he has done so, if they fulfill the legal requirements, they should be given. But while this is true, yet what should be the effect after verdict, where such instruction is refused, but modified and given. Can we say that it is reversible error for a court to make a slight or immaterial change in an instruction? Must instructions be given literally as offered, and if this is not done, must we overthrow the verdict? We cannot so hold. While such an instruction should be given, yet a verdict will not be set aside where this is not done, when it is modified and given, if we can clearly see that the instruction as modified is the same in legal effect as the one offered. From an examination of the foregoing instructions, it is apparent that their legal effect is the same. Furthermore, the evidence would not justify the giving of such an instruction as offered by the defendant. It does not appear that the plaintiff had encroached upon the highway, and built his fences thereon. To call for an instruction there must be some evidence to support it. Before we can say that this instruction was proper, there should be evidence showing or tending to show that the plaintiff had encroached upon the public road and built his fences upon it. The de-

fendant has no ground to complain of the modfication of the instruction.

This brings us to the consideration of the motion to set aside the verdict. It is contended that it is contrary to the evidence and the instructions of the court. The court, at the instance of the defendant, gave to the jury the following instruction:

"The court instructs the jury that when an action is brought to recover damages where no part of the plaintiff's property has been taken but simply damaged by a public improvement, damages cannot be had unless the property claimed to be damaged has been depreciated in value by the construction of the public improvement; in other words, if the fair market value of the property is as much immediately after the construction of an improvement as it was immediately before the improvement was made, no damages can be sustained and no recovery can be had. Therefore in this case if the jury believe from the evidence that the defendant took for its corporate purposes no part of the plaintiff's land and that the fair market value of the plaintiff's farm was as much immediately after the construction of the defendant's railroad as it was immediately before, then the plaintiff has sustained no damages which can be the subject of a recovery in this suit and the jury in such case must find for the defendant."

Counsel for the defendant contend that under the evidence if the jury had followed this instruction, their verdict would have been for the defendant. Therefore, the question is presented, not whether the instruction is good or bad, but whether the verdict is supported by the evidence. In dealing with this question, while in the view of the evidence it may not be absolutely necessary to discuss the question of law presented by the instructions, yet in the light of some of our decisions bearing upon questions of this character, it may be well to do so. The defendant introduced no evidence,. and the case was submitted to the jury upon that offered by the plaintiff. A number of witnesses were introduced, who estimated the damages to be from seven hundred to one thousand dollars. But it is claimed that several of these witnesses, in fact the most of them, in making their estimates did so without deducting the benefits derived by rea-

son of the construction of the road. In other words that
their evidence showed that the plaintiff's farm immediately
after the construction of the road was worth as much, if not
more, than it was immediately before the work of construc-
tion began. This is explained by the witnesses to be on ac-
count of the increased value of the farm by reason of the
construction of the road. Assuming then, for the purpose
of a presentation of this question, that this is true, and that
the market value of the property immediately after the con-
struction of the road was equal to the market value imme-
diately before, then it will be necessary to determine whether
or not by reason of the work of construction—that is, in
doing the acts of making the excavations and fills, causing
the fences to fall, laying the track upon the plaintiff's land
and destroying the ways to his residence, he suffered damage,
and if so, how much; and after determining the amount of
damage done to plaintiff's farm, then to deduct the pe-
culiar benefits derived.

The true rule as to the measure of damages, and the one
which has been recognized in this State and Virginia, is that
peculiar benefits only may be set off against damages to the
residue, but not against the value of the land taken. By
this rule the land owner is not charged with general benefits
—those consisting of an increase in the value of the land
common to the community generally. To charge general
benefits casts the burden entirely upon the one alleged to be
benefited. There are expressions to be found in some cases
decided by this Court, notably *Stewart* v. *Railroad Co.*, 38
W. Va. 438, and *Blair* v. *City of Charleston*, 43 W. Va. 62,
which indicate that if the market value of the land is as
much immediately after the injury complained of as it was
immediately before, there is no damage, and the owner is
not entitled to recover. If by these expressions it is in-
tended to announce a rule of law by which the land owner
will be charged with general benefits, they are incorrect. In
*Stewart* v. *Railroad Co.*, *supra*, it is said that just compensa-
tion is that which makes the owner whole, and, in respect to
general benefits or damages resulting from the construction
of the road, leaves him in as good a situation as his neighbor,
no part of whose land has been taken. In *Blair* v. *City of
Charleston*, *supra*, it is true that in the third point of the

syllabus it is laid down that the measure of damages is such sum as will make the owner whole—that is, if the market value of the property is as much immediately after the injury complained of as it was before, no damages can be recovered, but in the fourth point of the syllabus it is said that in estimating the damages it is proper to abate all peculiar benefits to the property enhancing its value, but not the general benefits derived by the property owner in common with the community at large.     Therefore, when the two points of the syllabus are read together, and in the light of the opinion, we conclude that it was not intended to exclude general benefits.

Judge Green, in *Railroad Co.* v. *Foreman*, 24 W. Va. 672, says: "It is well settled that the benefits which may be considered in reduction of damages in such a case as this, are confined to such as are direct and peculiar to the owner of the land, excluding those which he shares with other members of the community, whose property is not taken." The cases of *Mitchell* v. *Thompson et al.*, 21 Grat. 178, and *Railroad Co.* v. *Tyree*, 7 W. Va. 699, lay down the same rule, following the case of *James River &c. Co.* v. *Turner*, 9 Leigh 313, where the assessors were required to pay a just regard to the advantages which the owner of the land would derive from the improvement for the use of which his land was condemned.     It was held that the advantages to the owner which should be taken in consideration by the assessors were such advantages as had particularly and exclusively affected the particular tract or parcel of land whereof the portion was condemned—not advantages of a general character, which might be derived to the owner in common with the county at large from the improvement.     *Upham* v. *Worcester*, 113 Mass. 97; *Parks* v. *Hampden Co.*, 120 Mass. 395; *Schaeler* v. *City of Omaha*, 36 N. W. 533; Mills, Em. Dom., secs. 152, 153; Lewis, Em. Dom., (2 Ed.), sec. 467.     As said in *Guyandotte Valley R. Co.* v. *Buskirk*, 57 W. Va. 417, (50 S. E. 521), a literal enforcement of the rule that if the market value of the residue after the taking is equal to, or greater than, its value before the taking, there is no damage, would plainly charge the land owner with all benefits, general as well as special and peculiar.

The owner not being chargeable with general benefits, he

should have the compensation to which he is entitled for damages to the residue of the land not taken assessed without regard to the nature of the improvement which is to be or is constructed upon the part taken, except in so far as such improvements bear upon the question of peculiar benefits. Disregarding the question of peculiar benefits, the assessment should be made as of the time when the preparations for the proposed work are complete, and as if nothing further were done in the premises. As in this instance, the assessment should be of such damages as the land owner would suffer if the excavations and the grievances complained of had been without the building, or in contemplation of building and operating a railroad. In no other way can the owner be made whole, and left in the same situation with respect to general benefits as his neighbor, no part of whose land has been taken. We have no evidence of peculiar benefits. There is nothing to show that the plaintiff, by reason of the construction and operation of the road, has derived peculiar benefits. We cannot presume this to be so. Before any deduction can be had on account of benefits, it must appear that they are peculiar.

But to apply the rule that the defendant's counsel contend should be applied—that is, if the market value is as much immediately after the construction of the road as it was immediately before, that then the plaintiff cannot recover, still under the evidence we could not disturb the finding of the jury. As we have said, the witnesses estimate the damages to be from seven hundred to one thousand dollars, and one witness estimated it to be more than the damages assessed, even after deducting all benefits; and whenever there is any evidence upon which a jury could base its verdict, although it may be in conflict with the great preponderance of the testimony, still under the well defined rules of this Court, the verdict cannot be disturbed.

Although the evidence may be weak and conflicting, yet the jury were given a view of the premises. They went upon the ground and saw for themselves, and after having so inspected the premises and heard the evidence, they have found a verdict for the plaintiff. The view alone goes strongly to support their finding.

It is claimed that the court erred in admitting the testi-

mony of Peter Horner as to the amount of damages sustained by the plaintiff. This witness showed that he lived near the property in question for more than a year; that he had been at one time a farmer, and that he had been a land owner nearly all his life, and under the authority of *Blair* v. *City of Charleston*, *supra*, and *Kay* v. *Glade Creek and Raleigh R. Co.*, 47 W. Va. 467, this evidence is admissible.

Upon the whole case, we conclude that the judgment is. right, and it is affirmed.

*Affirmed.*