# CHARLESTON.

COUNTY COURT OF CALHOUN COUNTY *v.* LILLIAN STURM FORCE *et al.*

(No. 6278)

Submitted January 15, 1929.    Decided January 22, 1929.

*R. F. Kidd,* for plaintiffs in error.
*Bruce Ferrell,* Prosecuting Attorney, for defendant in error.

MAXWELL, JUDGE:

The effort of plaintiffs in error to obtain compensation for two and a fraction acres of their tract of about 102 acres of land in Calhoun county, which small parcel was taken by the county court for a public highway, and for damages to the residue, resulted in a verdict in favor of the county court.

The case was not tried in conformity with settled rules determinative of such matters.    Over the obejction of counsel for plaintiffs in error the court permitted numerous witnesses for the county court to express their opinions on questions propounded by counsel for the county court as to whether the

value of the farm of plaintiffs in error had been increased
or decreased by reason of the construction of the improved
highway. Their answers were to the effect that the value of
the farm had been increased. This was error because it lost
sight of the fact that the plaintiffs in error are entitled to
recover the reasonable value of so much of their land as was
actually taken without regard to whether there were special
benefits or not. Special benefits, if any, may be set off
against the damages to the residue of the tract, but not against
the value of the land taken. *Morrison* v. *Fairmont & Clarks-
burg Traction Co.*, 60 W. Va. 441. "Two elements enter into
the question of remuneration to a party whose private prop-
erty is condemned for a public road, namely, just compensa-
tion for the land actually taken, and also a fair recompense
for damage to the residue of the tract; beyond the peculiar
benefits to be derived in respect to the residue of the land
from the road to be established." *Williamson et al.* v. *Read
et al.*, 106 Va. 453, 56 S. E. 174. This is hornbook law. 10
R. C. L. 153.

Another difficulty with the line of questions indicated is
that it carried the implication that the plaintiffs in error had
received special benefits when as a matter of fact there was
no proof of such special benefits. The burden of proving
special benefits rests upon the party charged with the injury.
*Jones* v. *City of Clarksburg*, 84 W. Va. 257.

Instruction number one of plaintiffs in error, refused, reads:

"The court instructs the jury that you shall
ascertain what will be a just compensation to the
defendants for so much of their land as is taken by
this proceeding, and that you shall ascertain and
find the value of such lands from the evidence in
this case without diminution by reason of anything
appearing in the evidence, that is, the defendants
are entitled to the value of the land taken without
regard to either general or special benefits, and
that value you shall ascertain from the evidence.
And in addition to the compensation for the land
taken, the defendants are likewise entitled to dam-
ages to the residue of their lands, if there appear
any from the evidence, less, however, any special
but not general benefits that may accrue to the

residue of the land by reason of the work done or proposed to be done, and that special benefits can only be off-sets against damages to the residue, that is you shall ascertain what damage has been done to the residue of the said land, if any, by the work done or proposed to be done, and if you find such damage to the residue, you may then ascertain and find and set off against such damages to the residue so much as you believe from. the evidence has been established as special benefits to the property.''

It was error not to give this instruction which concisely and correctly states the law. Other assignments of error are incident to the matters which we have discussed and are secondary thereto. It is not necessary that they be elaborated.

For the reasons aforesaid, the judgment of the trial court is reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed.*