H. G. FOSTER *et al.* v. PATRICK J. BRENNAN

(No. 7258)

Submitted October 11, 1932. Decided November 29, 1932.

*Linn M. Brannon* and *L. H. Barnett,* for plaintiff in error.
*Herbert M. Blair,* for defendant in error.

LIVELY, JUDGE:

Plaintiffs recovered judgment of $648.85 against defendant for an alleged breach of contract; and defendant prosecutes this writ of error.

In October, 1929, defendant, a cattle dealer, purchased ten heifers from a Dr. Life which he, in turn, sold to plaintiffs and immediately repurchased them for delivery after July 15th, following, at 9½c per pound. Under this contract (evidenced by a paper writing executed by defendant on February 11, 1930), defendant agreed to take fourteen heifers after July 15, 1930. The evidence is not clear as to where the additional four heifers came from. Brennan says the four heifers were the property of plaintiffs, while the latter claim they purchased fourteen heifers from Brennan in October, 1929, and paid him therefor by check for $770.60 and by trading him two steers and a bull, aggregating a total of $981.90. Defendant did not take the heifers after July 15, 1930, and after notifying defendant of their intention to dispose of them, plaintiffs sold the cattle at a loss of $630.17, and instituted this action of assumpsit against defendant for damages for breach of contract. The jury found in favor of plain-

tiffs, and defendant charges error in the court's refusal to give instructions offered by defendant.

Before discussing the trial court's refusal to give instructions, we must consider plaintiffs' contention that the evidence is not properly a part of the record and cannot be considered for any purpose. According to the record, the court's order of March 16, 1931, shows that "the defendant moved that the verdict of the jury returned at a former day of the present term be set aside and that a new trial of the action be awarded on the ground that the court erred in refusing the instruction offered by the defendant", which motion the court overruled. There was no exception offered to that ruling, but on March 26, 1931, counsel for defendant moved the court to set aside the judgment pronounced on March 16th and filed an affidavit in support of said motion wherein counsel deposed that upon the court's over-ruling the motion to set aside the verdict, affiant requested plaintiffs' counsel to save exceptions for defendant in the order to be entered on said motion. This is denied by plaintiffs' counsel. Counsel for both parties agree that the order entered was prepared by the clerk of the circuit court and showed no exception to the court's refusal to set aside the jury's verdict.

The necessity for notation in the record of an exception to the court's refusal to set aside a jury verdict is well established in this jurisdiction. *State* v. *Rollins*, 31 W.Va. 363, 6 S. E. 923. Such an exception, however, may be noted at any time during the term. *Gilmer* v. *Sydenstricker*, 42 W. Va. 52, 24 S. E. 566. In the instant case, defendant's counsel sought on March 26th to have the judgment of the trial court set aside because the order of March 16th did not note an exception to the court's refusal to set aside the verdict. The trial court was clearly correct in its refusal to vacate its judgment for such reason. The proper motion would, of course, have been so to correct the record as to note an exception. The affidavit of defendant's counsel indicates such an objective, and since the trial court's attention was directed to the omission within proper time, we are of the opinion that the record so made is tantamount to an exception to the court's refusal to set aside the verdict.

The error assigned by defendant for reversal is the trial court's failure to give instructions offered by defendant. Consideration of such an error involves a review of the evidence, which is properly certified to this court.

Instructions offered by both litigants were refused and the court gave none.

Instruction No. 2, offered by defendant and refused, reads as follows:

> "The Court instructs the jury that if they believe from the evidence that on February 11, 1930, the plaintiffs sold to the defendant 14 heifers which were to be kept by the plaintiffs and delivered to the defendant on the 15th day of July, 1930, and if the jury further believe from the evidence that plaintiffs permitted all or some of said heifers to get with calf between the date of said sale and the date fixed for the delivery thereof whereby the plaintiffs caused a change in the condition of said heifers to the material detriment of the defendant and that the defendant promptly rejected said cattle when offered to him for delivery in such changed condition the jury should find for the defendant."

According to defendant, he inspected the heifers about July 15, 1930, and "informed Mr. Foster that the cattle were not in any condition to go", that he found the heifers "to be with calf", and told Foster "that he had no grass for them; if he would put the heifers out on grass and get them in some condition, I would still try to help him out with them, but I didn't tell him under what circumstances or conditions I would do so." Foster refutes this and says that defendant inspected the cattle shortly after July 15th, and told him "he would be back the next week after the best". Cosner recalls mentioning the cattle to defendant about September 10th, and says defendant "ignored" him. That night in September he and Foster went to Orlando and talked with defendant about the cattle and Cosner quotes defendant as saying he didn't know "what he was going to do about it". Foster says the heifers were in "pretty fair order about July 15th", while witness Woofter testified that he examined the heifers in September, 1930, and found them "heavy with calf". Foster admits that defendant purchased the cattle for "beef pur-

poses'', and there was evidence that some heifers with calf yield, on the market, one-half to one cent per pound less than those not with calf. There was an implied covenant that the cattle when delivered would be reasonably fit for the purpose for which they were purchased. Whether the implied covenant was broken was a jury question; for there was evidence to the effect that the condition of the cattle (from being with calf) did not make them unmarketable; that it was the usual custom to breed heifers about a month before they were ready to go on the market; and that such custom had theretofore prevailed in stock transactions between the litigants and without objection on the part of defendant. Other evidence was introduced tending to show that defendant refused to move the heifers because the market had dropped and not because they were with calf. These were questions for the jury; and the error charged is that defendant made out a sufficient defense by proving the alleged condition of the cattle when they were refused—to submit the issue to the jury under proper instructions.

The trial judge based his refusal of instruction No. 2 on the ground that the evidence did not sustain the declaration in the instruction that ''defendant promptly rejected said cattle when offered to him for delivery'', and also that there was a ''material detriment'' to defendant. It is for the trial court to determine whether there is any evidence which tends to prove a material fact (*Michie* v. *Cochran,* 93 Va. 641, 25 S. E. 884, but it should be exercised with great caution. *Carrico* v. *Ry.,* 39 W. Va. 86, 19 S. E. 571). We are of the opinion that there was sufficient evidence on behalf of defendant to warrant these assertions; and it was error, therefore, to have refused instruction No. 2. We are of the opinion also that there was no error in the refusal of instructions Nos. 1 and 3, offered by defendant.

It is to be noted that defendant's writing of February 11th denotes the delivery *after* July 15, 1930; and in plaintiffs' declaration it is noted that ''after July 15'' meant ''any day within a reasonable time after July 15''. Neither local custom nor intendment of the parties as to the time of delivery appears otherwise in the evidence. The instructions offered by defendant designate the date of delivery as ''*on* July 15''.

There appears to be no controversial issue on the discrepancy, and the matter is noted here merely for correction on retrial.

This court has frequently held, in effect, that a litigant is entitled to an instruction presenting his theory if there is evidence tending in some appreciable degree to support that theory. Where there is evidence to establish a fact, however inadequate or entitled to little weight in the opinion of the court, it is safest and best to give an instruction if it correctly propounds the law applicable to that fact, and leave the jury to say whether the evidence is sufficient to establish the fact it was introduced to prove. 5 Michie's Digest Va. & W. Va. Repts., p. 839, sec. 4 and cases there cited.

The judgment is reversed, the verdict set aside and a new trial awarded.

*Reversed; verdict set aside; new trial awarded.*