PETE MICHAEL MEADOWS, *An Infant, etc.*

*v.*

LAWRENCE STICKLER, *et al*

(No. 11027)

Submitted September 23, 1959.   Decided October 6, 1959.

*Dodrill, Barrett, Dunbar & Chafin,* for plaintiff in error.

*Jenkins & Jenkins, John E. Jenkins, John E. Jenkins, Jr.,* for defendants in error.

HAYMOND, JUDGE:

In this action of trespass on the case, instituted in the Circuit Court of Cabell County, the plaintiff, Pete Michael Meadows, an infant, seeks to recover damages from the defendants, Lawrence Stickler and Billie Jo Stickler, husband and wife, for personal injuries alleged to have been caused by the negligence of the defendants.

The case was tried upon the declaration of the plaintiff and the plea of not guilty filed by the defendants. After a motion by the defendants to strike the evidence in behalf of the plaintiff made at the conclusion of the evidence was overruled, the jury returned a verdict in favor of the defendants. The court overruled the motion of the plaintiff to set aside the verdict and grant him a new trial, entered judgment that the plaintiff recover nothing from the defendants, and awarded costs against the plaintiff and his next friend. To this judgment, rendered March 7, 1958, this Court granted this writ of error and supersedeas on October 10, 1958, upon the application of the plaintiff.

The plaintiff, an infant about four years of age and about three and one-half feet in height, residing at the home of his parents on the east side of 25th Street in the City of Huntington, was severely and permanently injured when struck by an automobile owned by Lawrence Stickler and operated by his wife, Billie Jo Stickler, while the plaintiff was attempting to cross that public street about 4:45 o'clock in the afternoon of May 13, 1957. 25th Street extends in a southerly direction from its intersection with 10th Avenue, curves to the left near the place where the plaintiff was injured, and is nineteen feet in width from curb to curb. At the time of the accident at least two automobiles, each approximately

seven feet in width, were parked near the curb on the east side of 25th Street and their position left about twelve feet of the street between the parked automobiles and the west curb for vehicular traffic.

When the automobile driven by the defendant Billie Jo Stickler, moving south at a speed of between fifteen and twenty miles per hour, reached a point to the right of the rear end of the automobile parked in front of the home of the plaintiff, a station wagon, which appears to have been the second of the parked automobiles, the driver, who until that moment had not seen or discovered the presence of the plaintiff in the street, saw his head immediately in front of its left front fender. The automobile driven by the defendant Billie Jo Stickler was seventeen feet in length, about seven feet in width, and the top of its left front fender was about three feet above the surface of the street. The front end of the automobile struck the plaintiff and knocked him to a point on the right side of the street about three feet from the west curb. The driver immediately applied the brakes, steered the automobile to the right or west curb of the street, and brought it to a stop at a distance variously estimated at thirty to eighty feet south of the point at which the plaintiff was struck. None of the wheels of the automobile passed over the body of the plaintiff but the force with which the front of the automobile struck and knocked him to the hard surface of the street rendered him unconscious, and he remained on the street in that condition until carried from the scene within a few minutes after he was injured. He was taken to a hospital and there confined for nine days for treatment which included surgery to relieve him from the effects of a severe fracture of the skull.

The only witness who saw the automobile strike the plaintiff was its driver the defendant Billie Jo Stickler.

One witness in behalf of the plaintiff, a woman who lived near the home of the plaintiff on the east side of 25th Street, saw the plaintiff going from the east side of the street behind the station wagon and also saw him in

the street after he had passed behind it but she did not see the plaintiff when he was struck by the automobile driven by the defendant Billie Jo Stickler. This witness, who was standing on the sidewalk near her automobile which was parked on the east side of the street about two and one-half car lengths north of the point at which the plaintiff was struck, also saw the automobile driven by the defendant Billie Jo Stickler when it passed her automobile at the time she saw the plaintiff go behind the station wagon and from behind it into the street. This witness testified that when the automobile passed the parked automobile of the witness its driver was looking to the left and toward the witness; that she did not know in which direction the driver was looking at the time the automobile struck the plaintiff; and that the driver of the automobile because of the curve in the street and the parked automobiles could not see the plaintiff in the street when the automobile driven by her passed the parked automobile of the witness.

Another witness in behalf of the plaintiff, a man who lived in a house on the west side of 25th Street opposite the home of the plaintiff, was sitting on his front porch, heard a noise, looked and saw the plaintiff fall to the pavement of the street and the car pass over him. He did not see the automobile strike the plaintiff but saw him lying in the street about three feet from the west curb and the automobile when it came to a stop about eighty feet south of the point where the plaintiff lay in the street.

Another witness in behalf of the plaintiff, a girl fifteen years of age, who was standing on the west side of 25th Street north of the scene of the accident heard but did not see the automobile strike the plaintiff and saw the plaintiff lying in the street after he was struck by the automobile.

The defendant Billie Jo Stickler, the only witness produced in behalf of the defendants, testified that as she drove the automobile south on 25th Street she saw a line of parked automobiles on the left side of the street;

that as she entered the curve and approached the station wagon she was looking straight ahead; that she did not recall that she looked to the left at any time; that she did not see the plaintiff or any other children in or near the street; that when her automobile was even with the rear of the station wagon she suddenly saw the plaintiff's head and "heard the thud of the car."; that she saw the plaintiff's head in front of the left front fender of the automobile and heard the "thud" simultaneously and that these incidents happened instantly; that the plaintiff was moving from left to right; that she immediately applied the brakes and steered the car to the right to avoid running over the plaintiff; that none of the wheels passed over the plaintiff; and that she brought the automobile to a stop within a distance of a length and a half of the automobile or approximately thirty feet.

Upon the foregoing evidence the question of negligence on the part of the defendants was a question for the jury. The evidence is conflicting as to whether the defendant Billie Jo Stickler was looking to the left or forward as the automobile approached the station wagon and as to whether she should have seen the plaintiff in the street before the automobile came to the rear of the station wagon; and the evidence does not definitely disclose whether the plaintiff was running or walking or how far he had traveled in crossing the street when he was injured. The facts shown by the evidence are such that reasonable men may draw different conclusions from them as to the negligence of the defendants. When the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them the questions of negligence and contributory negligence are for the jury. *Prettyman* v. *Hopkins Motor Company*, 139 W. Va. 711, 81 S. E. 2d 78; *Davis* v. *Sargent*, 138 W. Va. 861, 78 S. E. 2d 217; *Wilson* v. *Edwards*, 138 W. Va. 613, 77 S. E. 2d 164; *Thrasher* v. *Amere Gas Utilities Company*, 138 W. Va. 166, 75 S. E. 2d 376; *Daugherty* v. *Baltimore and Ohio Railroad Company*, 135 W. Va. 688, 64 S. E. 2d 231;

*Isgan* v. *Jenkins*, 134 W. Va. 400, 59 S. E. 2d 689; *Davis* v. *Pugh*, 133 W. Va. 569, 57 S. E. 2d 9; *Gilkerson* v. *Baltimore and Ohio Railroad Company*, 129 W. Va. 649, 41 S. E. 2d 188; *Yuncke* v. *Welker*, 128 W. Va. 299, 36 S. E. 2d 410. In an action to recover damages for personal injury caused by the negligence of the defendant it is the peculiar providence of the jury to determine the questions of negligence and contributory negligence when the evidence is conflicting, or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them. *Davis* v. *Sargent*, 138 W. Va. 861, 78 S. E. 2d 217; *Yuncke* v. *Welker*, 128 W. Va. 299, 36 S. E. 2d 410; *Taylor* v. *City of Huntington*, 126 W. Va. 732, 30 S. E. 2d 14. When a case involving conflicting testimony and circumstances upon the questions of negligence and contributory negligence has been fairly tried, under proper instructions, the verdict of the jury will not be set aside unless it is plainly contrary to the weight of the evidence or is without any evidence to support it. *Davis* v. *Sargent*, 138 W. Va. 861, 78 S. E. 2d 217; *Davis* v. *Pugh*, 133 W. Va. 569, 57 S. E. 2d 9; *Yuncke* v. *Welker*, 128 W. Va. 299, 36 S. E. 2d 410; *Dangerfield* v. *Akers*, 127 W. Va. 409, 33 S. E. 2d 140; *Webb* v. *Brown and Williamson Tobacco Company*, 121 W. Va. 115, 2 S. E. 2d 898; *Ware* v. *Hayes*, 119 W. Va. 585, 195 S. E. 265.

The plaintiff assigns as error the action of the circuit court in giving, over objection, Instruction No. 1 and Instruction No. 2 offered by the defendants.

Instruction No. 1 told the jury that if the jury believed the defendant Billie Jo Stickler, through no fault of her own, was suddenly confronted by an emergency when the plaintiff proceeded into 25th Street in front of the automobile and that she was compelled to act instantly in an effort to avoid striking him, she was not guilty of negligence if she made such choice as a person of ordinary prudence should have made even though she did not make the wisest choice, and that whether she used reasonable

care in the circumstances was a question for the jury. The plaintiff does not complain of the form of the instruction but challenges it as erroneous on the ground that it is not supported by the evidence. There is no merit in this contention of the plaintiff. According to the testimony of the defendant Billie Jo Stickler she was operating the automobile at a reasonable rate of speed, was looking forward and did not see the plaintiff until he suddenly came from behind the parked station wagon immediately in front of the automobile, and that when he appeared in front of the automobile, which was when she first saw him, it struck him at that instant. This testimony, which the jury believed as indicated by its verdict, established a sudden emergency which was not caused by her but was caused by the sudden presence of the plaintiff and the jury found, that by immediately applying the brakes and steering the automobile to her right to avoid passing over the plaintiff, she exercised the care of a reasonably prudent person in such circumstances. The absence or presence of a sudden emergency is ordinarily, as here, a question of fact for jury determination. *Matthews* v. *Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180; *Somerville* v. *Dellosa,* 133 W. Va. 435, 56 S. E. 2d 756.

It is well established that the rule of law which applies to the conduct of a person in a sudden emergency created by another person is that if the person so confronted acts according to his best judgment or, because of insufficient time in which to form a judgment, fails to act in the most judicious manner, he is not guilty of negligence if he exercises the care of a reasonably prudent person in like circumstances. *Mulroy* v. *Co-Operative Transit Company,* 142 W. Va. 165, 95 S. E. 2d 63; *Matthews* v. *Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180; *Laphew* v. *Consolidated Bus Lines,* 133 W. Va. 291, 55 S. E. 2d 881; *O'Dell* v. *Universal Credit Company,* 118 W. Va. 678, 191 S. E. 568; *Robertson* v. *Hobson,* 114 W. Va. 236, 171 S. E. 745; *Warth* v. *County Court of Jackson County,* 71 W. Va. 184, 76 S. E.

420; *Dimmey* v. *Wheeling and Elm Grove Railroad Company*, 27 W. Va. 32; *Jones* v. *Hanbury*, 158 Va. 842, 164 S. E. 545; 38 Am. Jur., Negligence, Section 41. As Instruction No. 1 contained a correct statement of law and was based upon the evidence the action of the circuit court in giving it was proper. .

Instruction No. 2 told the jury that if the jury believed from the evidence that the plaintiff suddenly and unexpectedly proceeded into 25th Street in front of the automobile driven by the defendant Billie Jo Stickler, which resulted in the injury, and if the jury found that the defendant Billie Jo Stickler used ordinary and reasonable care for the safety of the plaintiff, kept the automobile under control to avoid striking the plaintiff and did not know and could not have known that the plaintiff was in a perilous position in the path of the automobile in sufficient time to bring it under control to avoid striking the plaintiff, the plaintiff could not recover and the jury should find for the defendants. The plaintiff attacks the instruction on the ground that the statement in the instruction that the plaintiff suddenly and unexpectedly proceeded into 25th Street is not supported by the evidence. As already indicated it is clear from the testimony of the defendant Billie Jo Stickler, and from the circumstances in which the plaintiff was injured, that he suddenly appeared in front of the automobile driven by the defendant Billie Jo Stickler and that she could not, in the circumstances, have reasonably expected his presence in that position at that time. As there is sufficient evidence to support Instruction No. 2 and as it does not misstate the law, the circuit court was justified in giving that instruction.

An instruction which correctly states the law and is based upon evidence is a good instruction and, if not repetitious or misleading, should be given by the trial court when requested by the party who offers such instruction. See *Foster* v. *Brennan*, 113 W. Va. 122, 166 S. E. 845; *Wilson* v. *McCoy*, 93 W. Va. 667, 117 S. E. 473; *State* v. *Medley*, 66 W. Va. 216, 66 S. E. 358, 18

Ann. Cas. 761; *Morrison* v. *Fairmont and Clarksburg Traction Company,* 60 W. Va. 441, 55 S. E. 669; *Jordon* v. *City of Benwood,* 42 W. Va. 312, 26 S. E. 266, 36 L.R.A. 519, 57 Am. St. Rep. 859; *State* v. *Evans,* 33 W. Va. 417, 10 S. E. 792.

As the record does not disclose error prejudicial to the plaintiff the judgment of the Circuit Court of Cabell County is affirmed.

*Affirmed.*