MARY O. SULLIVAN *and* GONZELLA L. SULLIVAN, JR., *etc.*

*v.*

RONALD BILLEY

(No. 13941)

Decided July 17, 1979.

*Wilson & Frame, Clark B. Frame* for appellants.

*McNeer, Highland & McMunn, James E. McNeer* for appellee.

PER CURIAM:

The question in this personal injury action is whether the trial court properly granted the defendant's motion for summary judgment on the ground that the pretrial deposition of plaintiff Mary O. Sullivan showed she was guilty of contributory negligence as a matter of law.

A truck driven by the defendant, Mr. Billey, struck Mrs. Sullivan as she was walking on a street after exiting from the street side of her delivery van. Mrs. Sullivan and her husband instituted this action for damages resulting from that accident. After the filing of Mrs. Sullivan's pretrial deposition, the court concluded that Mrs. Sullivan, by exiting from the street side of her

vehicle, rather than from the sidewalk side, and by walking on the street, was negligent as a matter of law and that her negligence, under the doctrine of contributory negligence, barred all recovery. The court, therefore, granted Mr. Billey's motion for summary judgment. The Sullivans now appeal. Their principal contention is that the question of contributory negligence was one properly for the jury.

We held in *Poe v. Pittman*, 150 W. Va. 179, 144 S.E.2d 671 (1965), syllabus point 1, that:

> "In a personal injury action, issues involving primary negligence on the part of the defendants, contributory negligence on the part of the plaintiff, due care and proximate cause are proper for determination by the jury when the evidence pertaining to such issues is conflicting, involving credibility of witnesses, or where the evidence, though undisputed or without conflict, is such that reasonable men may properly draw different conclusions from it."

We have also held that it is the peculiar province of the jury to determine questions of negligence and contributory negligence when the evidence is conflicting, or when facts though undisputed, are such that reasonable men may draw different conclusions from them. *Meadows v. Stickler*, 144 W. Va. 644, 110 S.E.2d 380 (1959).

Mrs. Sullivan's deposition indicates that she was precluded from exiting from the sidewalk side of her delivery van because of its peculiar design and construction. The deposition also shows that Mrs. Sullivan looked before exiting from the vehicle and that while looking, she saw no traffic approaching for some distance down the street. Whether stepping onto the street in the situation confronting Mrs. Sullivan constituted negligence depends upon the interpretation placed upon the facts presented. Moreover, the fact that she looked and did not see the defendant's vehicle, had exited the van, and was walking beside it when struck raises a question as to the defendant's failure to keep a proper lookout, and be-

cause the facts presented are subject to differing interpretations, the question raised is one for a jury.

We note that after the filing of this appeal we announced our decision in the case of *Bradley v. Appalachian Power Company*, No. 14310 (W. Va. Sup. Ct. App. July 10, 1979). Syllabus point 3 of that decision said:

> "A party is not barred from recovering damages in a tort action so long as his negligence or fault does not equal or exceed the combined negligence or fault of the other parties involved in the accident."

In *Bradley* we discussed the proper procedure for weighing of the fault of one party against that of another. Because the new rule of comparative negligence is fully retroactive, retrial of the Sullivans' case should be in accordance with the principles set forth in *Bradley*.

For the reasons stated above, the judgment of the Circuit Court of Harrison County is reversed, and this case is remanded for trial.

*Reversed and remanded.*