159 So.2d 904 (1964)
Homer DUPREE, Appellant,
v.
John Robert PITTS et al., Appellees.
No. 63-395.
District Court of Appeal of Florida. Third District.
January 14, 1964.
Rehearing Denied February 12, 1964.
*905 Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellant.
Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
The appellant was the defendant in an action for damages brought against him by John Robert Pitts, a minor, by his father and next friend, John L. Pitts, and John L. *906 Pitts, individually, the plaintiffs. The complaint, in substance, alleged that the defendant so negligently and carelessly operated his automobile as to cause it to seriously injure the plaintiff, John Robert Pitts, a four year old pedestrian. The defendant denied that he was negligent.
The evidence tended to show that the defendant was operating his 1954 Buick sedan northward at about 10:00 A.M., in a residential area on S.W. 116th Avenue. A station wagon was parked about two feet off the edge of the parkway to his right facing southward. As the defendant approached, John Robert Pitts, a four year old boy emerged from behind the car, and ran out in a northwesterly direction across the street. The defendant applied his brakes and turned to the left, but did not stop in time, and struck the little boy at a point slightly behind the right front fender of his car. As a result of the accident, the minor plaintiff suffered severe personal injuries.
The defendant contended that he did not observe the child until the front of his car was even with the front of the station wagon, that he immediately swerved to the left and applied his brakes at a point opposite the center of the station wagon, and that he came to a complete stop within a distance of only slightly more than eight feet after applying his brakes, but could not avoid the accident.
On the other hand, it was undisputed that the skid marks on the road, resulting from the defendant's application of his brakes, measured twenty-two feet and two inches from the left front wheel and twenty-seven feet and one inch from his right rear wheel. A verdict was returned by a jury in favor of the defendant.
Upon motion by the plaintiffs, the trial judge granted the plaintiffs a new trial. The judge's order for new trial stated that the court erred in giving defendant's requested instruction relative to the sudden emergency doctrine, it being the court's opinion that the rule of law was not applicable under the facts in the case, and that the instruction was prejudicial to the plaintiffs' case. The defendant's appeal is from the order granting a new trial.
The only questions to be considered by this court are those involved in the order granting a new trial. Our consideration of the questions will be in the light of the well-established doctrine that the trial courts are allowed a very broad and liberal discretion in granting a new trial; that there is a presumption of correctness in favor of an order by the trial judge granting a new trial; and that a strong showing that there was a clear abuse of discretion is required to reverse such an order.[1]
The basis of the sudden emergency doctrine is well set forth in Blashfield, Cyc. of Automobile Law and Practice, Sec. 668, pp. 538-545 in which it is stated:
"When one is confronted with a sudden peril requiring instinctive action, he is not, in determining his course of action, held to the exercise of the same degree of care as when he has time for reflection, and, in the event that an automobilist suddenly meets with an emergency which naturally would overpower the judgment of a reasonably prudent and careful driver, so that momentarily he is thereby rendered incapable of deliberate and intelligent action, and as a result injures a third person, he is not negligent, provided he has used due care to avoid meeting such an emergency and, after it arises, he exercises such care as a reasonably prudent and capable driver would use under the unusual circumstances, which is usually for the jury.
"In other words, some allowance must be made for the time required for *907 requisite mental and physical operations of a motorist in applying his brakes or doing whatever else is necessary when an emergency arises."
The requisite factual requirements to support an instruction on the sudden emergency doctrine are set forth in 80 A.L.R.2d 15-17. In that annotation it is said:
"* * * More specifically, the evidence should be sufficient to support a finding (1) that the claimed emergency actually or apparently existed; (2) that the perilous situation was not created or contributed to by the person confronted, or, as held or stated in many cases, by the tortious act or conduct of such person; (3) that alternative courses of action in meeting the emergency were open to such person, or that there was an opportunity to take some action to avert the threatened casualty; and (4) that the action or course taken was such as would or might have been taken by a person of reasonable prudence in the same or a similar situation. Where there is evidence sufficient to support a finding as to the existence of such requisites, and procedural requirements have been complied with, the instruction should, of course, be given."
The record reveals that there was evidence sufficient to show the existence of such requisites.
The presence or absence of a sudden emergency is ordinarily, as here, a question of fact for the jury.[2]
Our analysis of the instruction on the sudden emergency doctrine leads us to the conclusion that it was not error to give the instruction in connection with all the other instructions given and the evidence in the record, and that the instruction was not prejudicial to the plaintiff's case.[3]
It is our opinion that the broad discretionary power of the trial judge was over extended in granting the new trial. Therefore the order appealed should be, and it is, hereby reversed.
Reversed.
NOTES
[1] Cloud v. Fallis. Fla. 1959, 110 So.2d 669. See also Jackson v. Haney, Fla.App. 1960, 124 So.2d 719.
[2] Klepper v. Breslin, Fla. 1955, 83 So.2d 587.
[3] Meadows v. Stickler, 144 W. Va. 644, 110 S.E.2d 380 (1959).