PHILLIPS, CHARLES M., Jr., Associate Judge.
Appellant, defendant below, brings timely appeal from a final judgment on a jury verdict in favor of the plaintiff-appellee for personal injuries and property damage in the amount of $6,600.
This negligence case arose out of an automobile accident which occurred on the clear, dark night of October 4, 1963, at 1:50 A. M. on a two-lane, straight, level, State Road outside of Deerfield Beach, Florida.
The car, operated by the plaintiff-appel-lee, was traveling south at the speed limit ■of 45 m. p. h. He observed no traffic. Suddenly he came upon the defendant’s headlighted car in plaintiff’s southbound lane. The accident occurred a fragment ■of a second later. Mrs. Lottie Kreiger, the ■defendant’s wife and operator of defendant’s Ford vehicle, and the young Puerto Rican passenger in plaintiff’s car, were instantly killed.
The bulk of the damage to plaintiff’s vehicle occurred in the left-front, while defendant’s damage was concentrated right-front. Witnesses concluded that Mrs. Kreiger’s vehicle was angled in the position of a turn at the entrance to the parking area of a shopping center after she had come out of the northbound lane.
The controlling factual circumstance presented by the record is the total absence of evidence regarding the location and movement of defendant’s Ford automobile prior to its being observed by the plaintiff in plaintiff’s southbound lane. The theories ■of negligence, contributory negligence, and ^'sudden emergency” must each be examined in the environment of this evidentiary vacuum. The persistent temptation to fill this void with logical speculation must be strenuously and successfully resisted.
We believe that the record in the trial court reflects sufficient evidence on the points of negligence and contributory negligence to warrant the cause going to a jury and the judgment of the lower court on this matter should be affirmed.
There remains then the question of the trial court’s instruction on sudden emergency. The elements of proof which must exist before an instruction upon sudden emergency is appropriate is set forth in the case of Dupree v. Pitts, Fla.App.1964, 159 So.2d 904.
“ * * * More specifically, the evidence should be sufficient to support a finding (1) that the claimed emergency actually or apparently existed; (2) that the perilous situation was not created or contributed to by the person confronted, or, as held or stated in many cases, by the tortious act or conduct of such person; (3) that alternative courses of action in meeting the emergency were open to such person, or that there was an opportunity to take some action to avert the threatened casualty; and (4) that the action or course taken was such as would or might have been taken by a person of reasonable prudence in the same or a similar situation. Where there is evidence sufficient to support a finding as to the existence of such requisites, and procedural requirements have been complied with, the instruction should, of course, be given.”
The evidence here does not show that the claimed emergency actually or apparently existed, and it would be sheer speculation to say that plaintiff had an actual or apparent emergency. It likewise would be speculation to say that the plaintiff did not create or contribute to the perilous situation, and according to plaintiff’s testimony there was not an opportunity for him between the instant he saw defendant’s car and the impact to do anything, even to apply his brakes, so there can be no question of alternative courses. The first three elements necessary for a charge of sudden emergency are really to justify the actions mentioned in four *22 above and in plaintiff’s statement he said he saw the car only an instant before the impact and didn’t do anything. This being the case there is no action or course which he took which needs to be justified. The instruction on sudden emergency was erroneous.
We, therefore, must reverse the judgment of the trial court and remand for a new trial.
SMITH, Acting C. J., and LILES, J., concur.