REED, Judge.
The plaintiff in the trial court and the appellant here, Mose Crowley, filed suit against the defendant and appellee, Charles Kreiger, alleging that the defendant’s wife negligently operated defendant’s motor vehicle in Broward County, Florida, proximately causing a collision with a motor vehicle operated by plaintiff and injuries to the plaintiff. The defendant’s answer denied negligence and pled contributory negligence. The cause was submitted to the trial court without a jury. The trial court found that the plaintiff had not proved by a preponderance of evidence the material allegations of his complaint and entered a final judgment for the defendant from which this appeal was taken.
The evidence tends to show that the plaintiff was driving his automobile south on a two lane road when the collision occurred. The impact between the vehicle driven by the plaintiff and that driven by the defendant’s wife occurred on the west side of the road in the plaintiff’s south bound lane.[1] Under these circumstances the plaintiff, relying on dictum in Florida Motor Lines, Inc. v. Ward, 1931, 102 Fla.1105, 137 So. 163, claims that he is entitled to a presumption of negligence in his favor. The plaintiff argues that because no evidence was submitted to rebut such presumption, the finding of the trial court was in error.
We do not decide whether under the facts of this case the plaintiff is entitled to a presumption of negligence by reason of the place at which the accident occurred. In our opinion, the judgment of the trial court can be sustained on the ground that the plaintiff was guilty of contributory negligence in failing to use reasonable care to maintain a lookout in the direction in which he was traveling. We affirmed the trial court on that theory which is presented by the pleadings and supported by competent substantial evidence, Cohen v. Mohawk, Inc., Fla.1962, 137 So.2d 222.
Affirmed.
OWEN, J., and DOWNEY, JAMES C., Associate Judge, concur.

. For a more detailed statement of the facts involved in this case see Kreiger v. Crowley, Fla.App.1965, 182 So.2d 20.