311 So.2d 825 (1975)
Geraldine SCOTT, the Surviving Spouse of Joseph Lee Scott, Deceased, Appellant,
v.
CITY OF OPA LOCKA, a Municipal Corporation and National Indemnity Company, Appellees.
No. 74-717.
District Court of Appeal of Florida, Third District.
April 22, 1975.
Rehearing Denied May 14, 1975.
Horton, Perse & Ginsberg and Stanley M. Rosenblatt, Miami, for appellant.
Kuvin, Klingensmith & Coon and R. Fred Lewis, Coconut Grove, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Appellant, plaintiff in the trial court, appeals an adverse final judgment entered *826 pursuant to a jury verdict in this action for wrongful death.
On the night of March 22, 1971 a male, later identified as Jesse James Jackson, entered the Park Bar and held up the bar manager. During the holdup, the manager activated a silent alarm system to the police headquarters of the defendant, the City of Opa Locka. Headquarters notified Officers James Teppenpaw and James Brogan who were in the immediate vicinity. Thereupon, the officers proceeded in separate vehicles to the Park Bar. Officer Teppenpaw parked his police car along the curb directly in front of one of the bar doors while Officer Brogan pulled his vehicle in front of the other door of the bar. As Officer Teppenpaw approached the bar door, Jackson came out and brushed Teppenpaw who ordered him to stop. Jackson, who had a pistol in his hand, turned and fired a shot which hit Teppenpaw. An exchange of gun fire ensued during which Officer Teppenpaw was hit again and as a result thereof fell to the ground. While on the ground and bleeding, Teppenpaw fired four remaining shots at Jackson who was also hit but was still able to run and leave the area. The entire incident lasted only a few seconds. As a result of this exchange of fire, a bullet fired from Officer Teppenpaw's revolver struck and fatally wounded one Joseph Scott who was sitting on the hood of a car some 110 yards north of Officer Teppenpaw, who stated that he did not see anyone in the street in the direction that Jackson fled.
Subsequent thereto, plaintiff Geraldine Scott, the surviving wife of Joseph Scott, filed the instant wrongful death action against the City of Opa Locka and its liability insurer, National Indemnity Company. The cause proceeded to a jury trial at the conclusion of which the jury returned a verdict in favor of the defendants. The trial judge entered judgment thereon and plaintiff appeals therefrom.
On appeal, plaintiff Scott basically is contending the following instruction with regards to "sudden emergency" to the jury was error.
"Two questions of fact must be answered by you, the jury: One, whether the defendant was faced with an emergency situation; and, whether he acted as a reasonable man under the circumstances.
"It is not within the purview of the trial judge to make such factual determinations. It is solely within the province of the jury.
"Any emergency is a sudden or unexpected event or combination of circumstances which calls for immediate action; in an emergency, the actor is left no time for thought or is reasonable so distrubed or excited, that he cannot weigh alternative courses of action and must make a speedy decision, based largely on impulse or guess; whether a person is confronted with such a situation is for you, the jury, to determine.
"If you find that the officer did not act as a reasonable prudent police officer should act under the existing circumstances, then you should find for the plaintiff.
"If you find that the police officer acted as a reasonably prudent police officer should, then you should find for the defendant city."
The requisite factual requirements to support an instruction on the sudden emergency doctrine are (1) that the claimed emergency actually or apparently existed; (2) that the perilous situation was not created or contributed to by the person confronted; (3) that alternative courses of action in meeting the emergency were open to such person; and (4) that the action or course taken was such as would or might have been taken by a person of reasonable prudence in the same or similar situation. Dupree v. Pitts, Fla.App. 1964, 159 So.2d 904. Without doubt, the facts as reflected by the record in the case sub judice were sufficient to satisfy the requisites cited *827 hereinabove. Thus, we find no error on the part of the trial judge in charging the jury on the sudden emergency doctrine and further in very explicitly instructing the jurors that the presence or absence of a sudden emergency is a fact question for their determination and not the trial judge's.
Next, we considered appellant's argument that the definition of "sudden emergency" given by the judge to the jury was legally incorrect and improper. We cannot agree for this definition has been approved by the appellate courts to explain the "sudden emergency" doctrine. See Hormovitis v. Mutual Lumber Company, Fla.App. 1960, 120 So.2d 42, 45; Dupree v. Pitts, Fla.App. 1964, 159 So.2d 904.
We also reviewed appellant's final point on appeal and find it is without merit.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.