PER CURIAM.
This is a consolidated appeal arising out of an accident between a tractor trailer and *957 a minibike. The testimony was in sharp conflict as to how the accident occurred. The injured operator of the minibike testified that he stopped at an intersection as close to the curb as he could get. The tractor trailer approached from the rear. While making a right turn at the intersection, the rear wheels of the truck struck the minibike operator’s left leg, breaking his ankle.
The operator of the tractor trailer testified that he never saw a minibike at the intersection. He had a clear view in front of him as he approached the intersection. After waiting for traffic to clear at the intersection he made a right turn, looking in both directions and checking both mirrors. It was not until he was stopped by a policeman several miles away that he realized there had been an accident.
The only issue is whether it was error for the trial court to give the following instruction over the appellant’s objections:
The court has determined, and now instructs you as a matter of law that the circumstances at the time and place of the incident complained of were such that the Defendant, LLOYD LEE JACKSON, had a duty to use reasonable care for ROBERT REARDEN’S [sic] safety.
Appellants contend that the instruction was an invasion of the jury’s province, placed emphasis on appellees’ case, and misled the jury as to the reciprocal duties of both operators. Appellees contend the instruction was proper, and if erroneous, constituted harmless error.
It is fundamental as a matter of law that an operator of a motor vehicle has a duty to use reasonable care to prevent injury to persons and property within the vehicle’s path. This was recognized by Miami Paper Co. v. Johnston, 58 So.2d 869, 871 (Fla.1952) when it held:
The general rule supported by a wealth of authority is that one manipulating a motor vehicle on the highway, whether backing, starting or proceeding ahead, must exercise reasonable care, circumstances being the guide as to what constitutes reasonable care.
Sub judice the jury instruction at issue was adopted from Instruction No. 3.1(a), Florida Standard Jury Instructions. It is a precise and accurate statement of the law and does not invade the factfinding province of the jury. The latter’s function is to determine from the circumstances whether reasonable care was used.
Accordingly, we affirm.
AFFIRMED.
LETTS, C. J., and DOWNEY and GLICKSTEIN, JJ., concur.