PER CURIAM.
This appeal is from a summary judgment for the appellee in a slip and fall injury action. The trial court found that there was no proof of the existence of a dangerous condition nor that the landowner had actual or constructive knowledge of the condition. We find that the facts taken most favorably to appellant as the non-moving party are in dispute and that it was error to enter summary judgment.
Appellant fractured her ankle when she slipped on a stairway at appellee’s apartment complex while she was lawfully on the premises. In her complaint, appellant alleged that the stairs were unsafe for their intended purposes in that the leading edge of the tread of each stair is enamel finished steel which, when stepped on, presented a slippery condition. Appellee moved for summary judgment based upon depositions of the maintenance supervisor and the appellant. Appellant filed an affidavit in opposition to the motion.
In her deposition appellant described the stairs on which she slipped as “very steep, metal encased” and filled with cement. *63 The lip of the stairs was “like a steel and it’s painted with green enamel paint.” She stated that although she held onto the handrail while descending the stairs, she knew that she slipped on the enamel paint on the front of the steps because the bottom of her shoes were very green.
The maintenance supervisor described his general maintenance practices and discussed the painting of the steel part of the stairs. They were repainted by a subcontractor a few years before this incident. The type of paint used was not a nonskid surface paint because only a narrow strip was applied. Through wear and tear the strip was “rough enough” because of the paint chipping process. He testified that there had never been a problem reported with the stairs.
Appellant’s affidavit stated that the paint on each leading edge of the step was worn by foot traffic making it slick and smooth and causing her to fall. She further stated that there were no signs to warn her of this condition.
In entering summary judgment for the appellee, the court found that appellant failed to submit any proof that the stairs were slick or that if a dangerous condition existed, that appellee knew of it by either actual or constructive knowledge. Appellant challenges each of these findings.
In a premises liability case, a possessor of land has no legal duty to constantly know of all dangerous conditions on its property, and there is no legal evidentiary presumption of such knowledge. Haynes v. Lloyd, 533 So.2d 944 (Fla. 5th DCA1988). An injured party must plead and prove that the defendant possessor had either actual or constructive knowledge of the dangerous condition before the condition caused the injury in question. Id. at 946. The mere occurrence of an accident does not give rise to an inference of negligence. See Cassel v. Price, 396 So.2d 258, 264 (Fla. 1st DCA1981), rev. denied, 407 So.2d 1102 (Fla.1981).
The crux of appellant’s position is that she slipped as a result of the stairs having a slippery edge, which is the defect, and that since the stairs were not painted with a nonskid paint, a factual issue is created regarding appellee’s constructive knowledge of the defect.
The trial court found that appellants “failed to submit any proof that the stairs in question were slick.” Appellants first point to the maintenance supervisor’s testimony which states that the stairs were painted with regular paint which may suggest that the stairs were slick. More importantly, however, is the affidavit of appellant which directly states that the leading edge of the stairs was slick and that is what caused her to fall. Appellee argues that the court had the right to reject such evidence because it directly contradicts her deposition testimony in which she states that she didn’t know how she fell. This deposition testimony is taken out of context by appellee, as she was being questioned as to what happened to her body as she was hanging onto the rail, to which she responded that she really didn’t know. Earlier in the deposition she testified straightforwardly that she slipped on the enamel paint. Therefore, there is no apparent conflict or repudiation of testimony between the deposition or affidavit which should cause the trial court to reject the affidavit, even though the more detailed recollection contained in the affidavit may be the subject of appellee’s cross examination should this case be tried. See e.g. Daniel v. Rogers, 72 So.2d 391 (Fla.1954).
Appellant’s affidavit and deposition testimony presented a theory that the worn paint on the steel edged step created a slick condition which caused the fall. Appellee’s testimony did not conclusively refute that contention. Therefore, the trial court erred in finding that there was no evidence that the stairs in question were slick.
The second element which appellee had to dispel in order to obtain summary judgment in its favor was that it did not have actual or constructive knowledge of the defect, namely the slick steps. In support of his position, he noted the testimony of his maintenance supervisor with regard to its maintenance procedures and the fact that he had never had a complaint with *64 regard to the slipperiness of the stairs. Nonetheless, the affidavit of the appellant states that “the paint on each leading edge [of the stairs] was worn by foot traffic at the time I fell, making the steel leading edge more slick.” The maintenance supervisor’s testimony also revealed that the paint was worn but instead characterized it as chipped and “rough enough.” This amounts to a disputed issue of fact as to whether the steps were maintained in a dangerous condition, as both parties’ testimony indicates that the condition existed for a substantial length of time. We think that this creates a jury issue on the constructive knowledge of the appellee. Cf. 194th Street Hotel Corp. v. Hopf 383 So.2d 739 (Fla. 3d DCA 1980).
For the foregoing reasons, we reverse and remand for further proceedings.
POLEN, J., concurs.
DIMITROULEAS, WILLIAM P., Associate Judge, concurs in result only.
WARNER, J., dissents with opinion.