768 So.2d 17 (2000)
Ethel WALLACE, as Personal Representative of the Estate of Kenneth E. Wallace, and as Parent and Natural and Legal Guardian of Julia Johnson Wallace, a minor, Shandel-Rio Wallace, a minor, Latonia Jones Wallace, a minor, Kennetria Johnson Wallace, a minor, and Kenneth Johnson, a minor, Appellants,
v.
NATIONAL FISHERIES, INC., a Florida corporation, Travis Romanda Wright, and Robin Valentin Naranjo, Appellees.
No. 3D00-69.
District Court of Appeal of Florida, Third District.
July 26, 2000.
Rehearing Denied October 11, 2000.
*18 Abrams Anton, Hollywood; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, and Joel S. Perwin, Miami, for appellants.
O'Connor & Meyers, Coral Gables, and David R. Cassetty and Peter R. Restani, Miami, for appellees.
Before JORGENSON and SORONDO, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
The personal representative of the estate of auto collision victim Kenneth E. Wallace and certain family members (herein referred to as The Estate) appeal the summary judgment entered in favor of Travis Wright, one of the drivers whom The Estate claimed contributed to the victim's injuries, as well as National Fisheries, Inc., the owner of the truck that Wright was driving at the time of the accident. On the following analysis we reverse.
Going north at a high rate of speed on a six lane expressway, the vehicle of Robin Naranjo rear-ended the vehicle of driver Wallace. Wallace's vehicle then jumped the grass median separating the north and south lanes of the roadway and careened directly into the path of Wright. Wright had been going south, driving a National Fisheries truck. According to Wright, he first saw the Wallace vehicle as it crossed the median, some 300 feet away from him, approaching him at an angle from the left, while Wright was penned in by a concrete barrier wall on his right. By the time the Wallace vehicle reached Wright's lane, less than a car length separated the vehicles. The only eye witness, aside from Wright, was Janitza Barias Lopez. Her testimony confirmed that Wright hit Wallace within seconds of Wallace coming to a stop.
The Estate sued Wright, National Fisheries, and Naranjo for negligence. Wright and National Fisheries moved for summary judgment, arguing Naranjo's negligence was the sole proximate cause of the accident. Wright and National Fisheries also argued that under the sudden emergency doctrine, Wright had no duty to look out for such an unexpected danger from a direction where there was no reason to apprehend any. The Estate maintained that Wright had an unobstructed view of Wallace and five to seven seconds to avoid the accident. Moreover, The Estate maintained that Wright had been speeding and that excessive speed contributed to the collision. The Estate submitted the affidavit of expert Douglas Chisholm. Chisholm concluded that Wright had been traveling in excess of the speed limit, that Wright had sufficient time to observe the Wallace vehicle cross the median and two southbound lanes, and that Wright's failure to keep a proper watch on the road and to take evasive action was a proximate cause of the accident. Notwithstanding this affidavit, the trial court granted summary judgment in Wright and National Fisheries' favor.
The requisite factual requirements in considering the application of the sudden emergency doctrine are (1) that the claimed emergency actually or apparently existed; (2) that the perilous situation was not created or contributed to by the person confronted; (3) that alternative courses of action in meeting the emergency were open to such person; and (4) that the action or course taken was such as would or might have been taken by a person of reasonable prudence in the same or similar situation. The presence or absence of a sudden emergency situation is a question of fact ordinarily to be decided by the jury. See Scott v. City of Opa Locka, 311 So.2d 825, 826-27 (Fla. 3d DCA 1975). So, too, is the issue of whether, under the circumstances, the defendant reacted to *19 the situation in a prudent manner. Cleveland v. City of Miami, 263 So.2d 573 (Fla.1972).
Defendant Wright had a duty to drive carefully and avoid hitting other drivers. See Bellere v. Madsen, 114 So.2d 619, 621 (Fla.1959)(concluding the driver of an automobile, a "dangerous instrumentality", is charged with the responsibility of having his vehicle under control at all times, commensurate with the circumstances and the locale, and to maintain a sharp and attentive lookout in order to keep himself prepared to meet the exigencies of an emergency within reason and consistent with reasonable care and caution). Whether Wright had the time, space, and capacity to avoid the accident were all questions of fact. There was testimony that at least four or five seconds elapsed between the time Wallace's car was first hit and the time it came to a stop in the southbound lane. Another two seconds was estimated to have elapsed between the time Wallace came to a stop and the time Wright hit him. The police found no evidence that Wright had attempted to stop or swerve.
The trial court observed "I have a hard time figuring out what this driver could have done. The only way it could have been avoided is if he just got lucky and missed it." This may be what a jury decides. However, faced with evidence that the driver had been speeding and the affidavit of the expert who outlined his opinion and the factual basis for that opinion, it was for the trier of fact to decide whether Wright had breached his responsibilities as a driver in light of the emergency situation with confronted him. See Cromarty v. Ford Motor Co., 341 So.2d 507 (Fla.1976)(Expert testimony alone can defeat a summary judgment.)
Whether the driver of the fish truck had an opportunity to control his vehicle so as to have avoided the impact, or whether he had time to have applied the truck's brakes and thus lessen the severity of the impact are, under our comparative negligence standards, questions for a jury to resolve.
Consequently, summary judgment in favor of the defendants is reversed and remanded for further proceedings.