955 So.2d 1118 (2006)
VANTRAN INDUSTRIES, INC., Robert Salinas and his wife, Lenore Salinas, Appellants,
v.
RYDER TRUCK RENTAL, INC., a Florida corporation, Williams Scotsman, Inc., a foreign corporation, Hank Eldon Rowell, and the Estate of James McCraken, Jr., Appellees.
No. 1D05-4467.
District Court of Appeal of Florida, First District.
December 18, 2006.
*1120 Robert Fraser and Daniel F. Pilka of Pilka & Associates, P.A., Brandon, for Appellants.
Christopher H. McElroy and Michael J. Poché of Allen, Kopet & Associates PLLC, Tallahassee, for Appellees.
PER CURIAM.
In this negligence action, Appellants appeal the trial court's order granting final summary judgment in favor of Appellees and the trial court's order denying their motion for disqualification of the trial judge. We reverse the order granting final summary judgment. We affirm the trial court's order denying Appellants' motion to disqualify the trial judge.
The trial court's decision to grant summary judgment is reviewed de novo. Menendez v. The Palms West Condominium Ass'n, Inc., 736 So.2d 58, 60-61 (Fla. 1st DCA 1999). Summary judgment is properly granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id. at 60. Summary judgment should be cautiously granted in a negligence case. Fenster v. Publix Supermarkets, Inc., 785 So.2d 737, 739 (Fla. 4th DCA 2001).
Here, the trial court determined that the sudden emergency doctrine applied as a matter of law because Appellee, Hank Eldon Rowell, had no legal duty once he was confronted with a sudden emergency based on McCain v. Florida Power Corporation, 593 So.2d 500 (Fla.1992). This was error.
The sudden emergency doctrine requires
(1) that the claimed emergency actually or apparently existed; (2) that the perilous situation was not created or contributed to by the person confronted; (3) that alternative courses of action in meeting the emergency were open to such person; and (4) that the action or course taken was such as would or might have been taken by a person of reasonable prudence in the same or similar situation.
Wallace v. Nat'l Fisheries, Inc., 768 So.2d 17, 18 (Fla. 3d DCA 2000). "The presence or absence of a sudden emergency situation is a question of fact ordinarily to be decided by the jury." Id. at 18. (citing Scott v. City of Opa Locka, 311 So.2d 825, 826-27 (Fla. 3d DCA 1975)). "So, too, is the issue of whether, under the circumstances, the defendant reacted to the situation in a prudent manner." Id. at 18-19 (citing Cleveland v. City of Miami, 263 So.2d 573 (Fla.1972)).
When a driver is confronted with a sudden emergency, he is not held to the same standard of care that would otherwise be expected, but neither is he excused from not acting in a reasonable and prudent manner. Dupree v. Pitts, 159 So.2d 904, 906-07 (Fla. 3d DCA 1964). Once the emergency arises, a driver "is not negligent, provided he has used due care to avoid meeting such an emergency and, after it arises, he exercises such care as a reasonably prudent and capable driver would use under the unusual circumstances, which is usually [a question] for the jury." Id. at 906 (quoting Blashfield, Cyc. of Automobile Law & Practice, Sec. 668, pp. 538-45).
While the trial court was correct that the existence of a legal duty is a question of law, the court erroneously equated the existence of a legal duty with the *1121 breach of a legal duty. See McCain, 593 So.2d at 502. Thus, the trial court erred in finding that Mr. Rowell had no legal duty because he was confronted with a sudden emergency. Under the sudden emergency doctrine, Mr. Rowell had both a duty to act as a reasonably careful and prudent driver in attempting to avoid the unusual situation and a duty in how he reacted to it.
Appellants have introduced evidence that precludes summary judgment. Genuine issues of material fact regarding whether Mr. Rowell acted with reasonable diligence after he was confronted with the sudden emergency exist. Mr. Rowell testified that he braked while traveling through the median, in violation of his training as a truck driver. In addition, an eyewitness testifying as both an expert and a lay witness stated that Mr. Rowell could have stayed in the median if he had slowed down before the time he was confronted with the sudden emergency and if he had not simultaneously braked and steered hard while traveling through the median.
The trial court rejected the eyewitness' testimony, finding that he could not see what he claimed. On summary judgment, however, all facts and inferences must be considered in the light most favorable to the non-moving party. Fenster, 785 So.2d at 739; Bowers v. Cain, 609 So.2d 61, 62 (Fla. 4th DCA 1992). The jury, not the trial court, could reject the eyewitness' testimony if it believed that he could not see what he claimed. See Deakter v. Menendez, 830 So.2d 124, 127 (Fla. 3d DCA 2002) (stating that "[t]he court may not encroach on the province of the trier of fact by electing to weigh the evidence or adjudging the credibility of the witnesses" when ruling on a motion for summary judgment) (citing Sierra v. Shevin, 767 So.2d 524, 525 (Fla. 3d DCA 2000); Bitz v. Ed Knox CLU & Assoc., P.A., 721 So.2d 823 (Fla. 3d DCA 1998)). Accordingly, we reverse the final summary judgment entered in favor of Appellees and remand for a new trial.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, PADOVANO and THOMAS, JJ., concur.