993 So.2d 585 (2008)
Richard L. GOWDY, as Personal Representative of the Estate of Rosa Jo Gowdy, deceased, individually, and on behalf of Richard L. Gowdy, survivor of the Estate of Rosa Jo Gowdy, Appellant,
v.
John L. BELL, an individual; and Delta Management & Construction, Inc., a Florida corporation, Appellees.
No. 1D07-2406.
District Court of Appeal of Florida, First District.
October 24, 2008.
*586 Gary M. Farmer, Jr., of Freedland, Farmer, Russo, & Sheller, PL, Boca Raton, and Robert M. Roselli of Roselli & Associates, P.A., Fort Lauderdale, for Appellant.
Wiley Horton of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for Appellees.
ALLEN, J.
The appellant/plaintiff challenges a summary final judgment entered in favor of the appellees/defendants in this action for wrongful death arising out of a fatal motor vehicle-pedestrian accident. Because reasonable persons could conclude from evidence presented to the trial court in connection with the motion for summary judgment that the appellee/defendant motorist failed to exercise reasonable care in light of the circumstances existing at the time of the accident and that this lack of care resulted in the death of the pedestrian, the summary final judgment is reversed and this case is remanded.
Viewed in the light most favorable to the appellant as the non-moving party, the evidence presented to the trial court revealed that appellee John L. Bell was driving in the northbound lane of U.S. Highway 319 on a clear and dry day at a speed of approximately forty-five miles per hour when he observed a pedestrian, Rosa Jo Gowdy, walking approximately three hundred feet ahead, near the edge of the roadway. Mr. Bell was not familiar with Ms. Gowdy and was unaware that she suffered from dementia. Nonetheless, he was immediately concerned due to her closeness to the roadway. Additionally, he noticed that she was "staggering," walking in an "erratic" fashion, and getting closer to the white fog line separating the traffic lane from the shoulder. Hoping that Ms. Gowdy would "just keep walking down the road," Mr. Bell reduced the pressure on the accelerator and kept sight of her as he approached. But he did not take his foot completely off the accelerator and did not apply the vehicle's brakes at that time. When the vehicle driven by Mr. Bell was less than three seconds away from her, Ms. Gowdy turned to her left and walked into the traffic lane, directly in front of the Bell vehicle. Mr. Bell then forcefully applied the vehicle's brakes and steered as far to the left as possible without entering the opposing lane, which was occupied by traffic. But he was unable to avoid a collision with Ms. Gowdy, who was consequently killed. Had Mr. Bell applied the brakes and reduced the speed of the vehicle to fifteen miles per hour or less when he first observed Ms. Gowdy's erratic behavior, the collision likely would have been avoided.
The operator of a motor vehicle has a duty to use reasonable care, in light of the attendant circumstances, to prevent injury to persons within the vehicle's path. See, e.g., Jackson v. Reardon, 392 So.2d 956 (Fla. 4th DCA 1980). Under the circumstances recited above, whether Mr. Bell exercised sufficient reasonable care to avoid a collision with Ms. Gowdy and whether absence of reasonable care by him resulted in the death of Ms. Gowdy may not be decided as a matter of law. These are instead issues for the trier of fact. The summary final judgment is therefore reversed and this case is remanded.
BARFIELD and THOMAS, JJ., concur.