WOLF, J.
Phillip J. Griffis, as Personal Representative of the Estate of Frank E. Griffis, appeals a final judgment after a directed verdict in favor of the appellees/defen-dants, Howard E. Wheeler, Jr., and Diane A. Wheeler. They raise two issues on appeal: (1) whether the trial court erred in directing a verdict where evidence was presented from which a jury could find that the operation of appellees’ motor vehicle constituted negligence, and (2) whether the trial court erred in ruling that section 768.36, Florida Statutes (2006), applies in a wrongful death action against the claims of the personal representative brought on behalf of the survivors. We find merit as to the first issue.
*3 In October 2006, appellant, Phillip J. Griffis, as Personal Representative of the Estate of Frank E. Griffis, the decedent, filed a wrongful death action against appel-lees, Howard and Diane Wheeler. Appellant brought the suit on behalf of the Estate and for the benefit of the decedent’s parents. Appellant alleged that ap-pellees negligently operated their vehicle on or about October 29, 2004, on U.S. Highway 27 so that it fatally collided with the decedent, who was 39 at the time. Appellant sought medical and funeral expenses and damages for the loss and value of support services.
Appellees affirmatively defended on the grounds of comparative negligence, collateral source, and the decedent’s intoxication at the time of the accident. According to appellees, the decedent’s blood alcohol level exceeded .08 percent at the time of the accident; the record shows that the decedent’s ethanol/alcohol concentration was .27.
Appellant moved for partial summary judgment on appellees’ third affirmative defense of intoxication, arguing that the defense did not apply when a claim was brought by a personal representative. Appellant also moved to strike the affirmative defense. The trial court denied the motions. The trial court found that the intoxication defense presented questions of fact regarding “alcohol and the amount of alcohol (or not) of the decedent as well as issues of comparative fault.” In noting appellant’s argument that the “plaintiff’ referred to in section 768.36, Florida Statutes, does not include an estate, the court set forth, “[T]he claim in this wrongful death suit is purely derivative through the decedent. Plaintiffs preferred interpretation of this statute is that the Plaintiff (the Estate) in this wrongful death suit can acquire greater rights derivatively than the decedent himself would have, had he survived.” The trial court stated:
Plaintiff concedes that if [the decedent] had survived, then [he] would be barred any recovery if the standards of F.S. Sec. 768.36(3) were met. Yet by virtue of his death, his Estate acquires greater legal rights than [the decedent] himself could ever have had (again, assuming the standards of F.S. Sec. 768.36 were met). Statutory interpretation cannot be stretched to an absurd result.
At trial, the following was established: U.S. Highway 27 is a four-lane, divided highway with two lanes going in each direction. Appellee, Mr. Wheeler, was driving in the right-hand lane. When he came over a hill, the decedent was walking in his lane of traffic. While the testimony indicated that appellee, who was driving under the speed limit, could not have braked in sufficient time to avoid the collision, the testimony concerning his ability to take evasive action was somewhat unclear.
Mrs. Wheeler, who was a passenger in the vehicle, said that when she first saw the decedent he was right in front of the passenger seat of the truck. She then turned to Mr. Wheeler, who was driving the truck. Her testimony as to any evasive action taken by Mr. Wheeler was ambiguous. “I don’t remember specifically what he was doing. I just remember knowing that he was already reacting. I was kind of in shock, so I don’t remember his specific actions. I just know that mentally I knew he was reacting, you know.” She did not recall their truck moving to the left or right in any “traumatic” way. She did not recall the truck braking or hearing a horn. She testified that the accident damaged the truck’s hood and light on the right side.
Because Mr. Wheeler was unable to appear because of medical issues, his deposition was introduced at trial. His testimo *4 ny as to what evasive action he took, after seeing the decedent in his lane, was also unclear.
When asked when he first saw the decedent in terms of distance, he replied, “I estimate but — between, maybe, a hundred and 25, maybe a hundred and 75 feet.” When asked how he could estimate the distance, he replied, “Headlights usually pick up on low beams somewhere around 150 feet or so, depending on the road.” When asked if he was saying that he first saw the decedent when he came into the light provided by his headlights, Mr. Wheeler replied, “Yes.” When asked if there were any cars that he could see “in front of [him] in the lane next to [him] to the left ahead of [him],” he replied, “No.” When asked what he did in terms of operating his vehicle from the time he first saw the decedent to the time in which he struck him, Mr. Wheeler replied, “On that, I don’t recall.” He believed the decedent had been in the middle of his lane. When asked again what he did with respect to operating his vehicle when he saw the decedent, Mr. Wheeler replied, “I believe I started to turn [t]o the left.” When asked if he remembered doing that, he replied, “I remember vaguely about my hands.” When asked whether he understood the silhouette that he first saw to be that of a person, Mr. Wheeler replied, “A person.”
The evidence concerning Mr. Wheeler’s ability to swerve was somewhat sparse. An expert testified that braking and coming to a complete stop would take twice the distance than simply swerving. There was evidence that coming to a complete stop once Mr. Wheeler was able to see the decedent would have taken anywhere from 220 feet to 370 feet. Thus, there is some evidence reflecting that, had Mr. Wheeler begun to swerve immediately, he might have avoided the decedent.
In Vantran Industries, Inc. v. Ryder Truck Rental, Inc., 955 So.2d 1118 (Fla. 1st DCA 2006), this court dealt with the responsibility of a driver when confronted with a sudden emergency. In that case we stated,
When a driver is confronted with a sudden emergency, he is not held to the same standard of care that would otherwise be expected, but neither is he excused from not acting in a reasonable and prudent manner. Dupree v. Pitts, 159 So.2d 904, 906-07 (Fla. 3d DCA 1964). Once the emergency arises, a driver “is not negligent, provided he has used due care to avoid meeting such an emergency and, after it arises, he exercises such care as a reasonably prudent and capable driver would use under the unusual circumstances, which is usually [a question] for the jury.” Id. at 906 (quoting Blashfield, Cyc. of Automobile Law & Practice, Sec. 668, pp. 538-45).
955 So.2d at 1120.
We found that the trial court erred when it found that the driver of a vehicle had no legal duty because he was confronted by a suicidal pedestrian jumping in front of his vehicle. Id. at 1121. The driver had both a duty to act as a reasonably careful and prudent driver in attempting to avoid the unusual situation and a duty as to how he reacted to it.
In the instant case, based on the evidence presented, a reasonable jury could have determined that Mr. Wheeler was negligent in his failure to react and swerve to avoid hitting the pedestrian in his lane. The trial court therefore erred in directing a verdict in favor of the appel-lees.
Appellant also argues that the trial court erred in ruling that the intoxication defense provided for in section 768.36, Florida Statutes, applied in a wrongful death action against the claims of a personal *5 representative brought on behalf of the decedent’s survivors.
Florida’s Wrongful Death Act provides in part:
When the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person ... and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person ... that would have been liable in damages if death had not ensued shall be liable for damages as specified in this act notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony.
§ 768.19, Fla. Stat. (2005). The Act also provides that “[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate.” § 768.20, Fla. Stat. (2005).
The supreme court has long characterized the wrongful death statute as creating a new and distinct right of action from the right of action the decedent had prior to death. Toombs v. Alamo Rent-A-Car, Inc., 833 So.2d 109, 111 (Fla.2002). With that said, the supreme court has acknowledged that the statute makes clear that a wrongful death action is predicated on the decedent’s entitlement to maintain an action and recover damages if death had not occurred. Id. at 118 (holding that no cause of action for wrongful death survived the decedent because she had no right of action at her death).
Turning to the statute at issue, section 768.36, Florida Statutes (2005), entitled “Alcohol or drug defense,” provides:
(2) In any civil action, a plaintiff may not recover any damages for loss or injury to his or her person or property if the trier of fact finds that, at the time the plaintiff was injured:
(a) The plaintiff was under the influence of any alcoholic beverage or drug to the extent that the plaintiffs normal faculties were impaired or the plaintiff had a blood or breath alcohol level of 0.08 percent or higher; and
(b) As a result of the influence of such alcoholic beverage or drug the plaintiff was more than 50 percent at fault for his or her own harm.
§ 768.36, Fla. Stat. (2005).
As the trial court noted, appellant acknowledged that the statute would apply had the decedent lived and filed suit against appellees. Yet, appellant argues that the defense cannot be asserted in wrongful death actions given that the statute does not expressly apply to such actions or to personal representatives serving as plaintiffs. As the supreme court has noted, when a statute is clear and unambiguous, it must be given its plain and obvious meaning. Saleeby v. Rocky Elson Constr., Inc., 3 So.3d 1078, 1082 (Fla.2009). Appellant is correct that the statute speaks only to plaintiffs, their injuries, and their being under the influence. The Legislature could have included the word “decedent” or “death.” This interpretation is reading the statute out of context, that wrongful death litigation is a derivative action. We decline to do so.
Further, adhering to appellant’s interpretation of the statute would result in an absurd or unreasonable result. See Maddox v. State, 923 So.2d 442, 448 (Fla.2006); ContractPoint Fla. Parks, LLC v. State, 958 So.2d 1035, 1037 (Fla. 1st DCA 2007) (noting that a literal interpretation of a statute should not be adhered to when it would lead to an absurd or unreasonable result). Accepting appellant’s interpretation would prevent appellees from asserting a defense that they could have assert *6 ed had the decedent survived and filed suit against them. Appellant’s argument that the decedent’s survivors should not be subject to the same limitations because the decedent was intoxicated likewise makes little sense. If the decedent would have been precluded from recovery because of his intoxication, his survivors should also be so limited.
Reversed and remanded for a new trial.
ALLEN, J., concurs with opinion; DAVIS, J., concurs in part and dissents in part with opinion.