DAVIS, J.,
concurring in part and dissenting in part.
I concur with the majority’s conclusion that the trial court properly ruled that the intoxication defense could be raised in this case. However, I respectfully dissent from the majority’s holding that the trial court erred in directing a verdict in the Wheelers’ favor. In my opinion, the record is devoid of any evidence that would lead a reasonable jury to render a verdict in Appellant’s favor based upon Mr. Wbeeler’s alleged failure to take evasive action. Therefore, I would affirm the final judgment.
Aside from the WTheelers’ testimony, the only testimony Appellant presented concerning the accident was that of Miles Moss, a transportation consulting engineer. The parties agreed that the sole area in which Moss was qualified to testify was the field of civil engineering. He testified that a car traveling at sixty miles per hour would cover eighty-eight feet in one second and 220 feet in 2.5 seconds. As the majority notes, Mr. Wbeeler testified via deposition that he first saw the decedent at a distance of 125 to 175 feet. Thus, Mr. Wfiieeler, who was driving under the speed limit on an unlit, rural highway, had no more than two seconds to react. There is no question given the evidence presented that Mr. Wfiieeler could not have braked to avoid the collision. There is also no question in my opinion that Appellant failed to present any evidence that Mr. Wfiieeler could have successfully employed some sort of evasive action to avoid striking the decedent.
*7 The majority describes the evidence concerning Mr. Wheeler’s ability to swerve as being “somewhat sparse.” It notes that Mr. Moss testified that braking and coming to a complete stop would have taken “twice the distance” than simply swerving. According to the majority, this statement serves as “some evidence” reflecting that, had Mr. Wheeler begun to immediately swerve, he might have avoided the decedent. However, contrary to the majority’s characterization of the evidence, Moss gave no testimony that braking would take twice the distance than swerving would. Instead, when asked on redirect examination “[wjhich takes longer,” Moss replied, “Well, certainly braking to come to a complete stop takes quite a bit longer, probably double the amount than the swerve.” Importantly, there was no specific testimony presented as to the amount of actual time that braking would have taken.
My conclusion that the directed verdict was proper in this case is further buttressed by Appellant’s unsuccessful attempt to have Moss testify on direct examination regarding Mr. Wheeler’s ability to swerve. When asked his opinion as to the distance it would have taken to swerve, the trial court sustained defense counsel’s objection because this information was not included in Moss’s report. The trial court also sustained defense counsel’s objection when Moss testified that he had looked at “what amount of movement to the left it would need to avoid the impact, considering the damage to the vehicle, and how far in front of the vehicle [the decedent] was.” As a result of these rulings, which have not been challenged on appeal, there was no testimony presented as to what amount of movement would have been necessary to avoid the collision or the distance it would have taken to swerve. Moreover, this is not the type of issue that a juror would be aware of simply by virtue of his or her driving experience.
A reasonable jury could not have determined that Mr. Wheeler was negligent in failing to react and swerve to avoid hitting the decedent. Although the majority cites to Vantran Industries, Inc. v. Ryder Truck Rental, Inc., 955 So.2d 1118, 1120 (Fla. 1st DCA 2006), in support of its conclusion, we explained in that case that the sudden emergency doctrine requires not only that the claimed emergency actually or apparently existed and that the perilous situation was not created or contributed to by the person confronted but also that “alternative courses of action in meeting the emergency were open to such person.” There was no testimony presented in this case that Mr. Wheeler had any alternative course of action that would have led him to avoid the collision. Cf. Gowdy v. Bell, 993 So.2d 585, 586-87 (Fla. 1st DCA 2008) (reversing the summary judgment in the wrongful death case and noting that there was testimony that had the driver applied the brakes and reduced his speed to fifteen miles per hour or less when he first observed the decedent, the collision likely would have been avoided); Wallace v. Nat’l Fisheries, Inc., 768 So.2d 17, 18-19 (Fla. 3d DCA 2000) (reversing the summary judgment in the automobile negligence case, noting that the estate’s expert opined in part that the driver’s failure to take evasive action was a proximate cause of the accident, and concluding that “faced with evidence that the driver had been speeding and the affidavit of the expert who outlined his opinion and the factual basis for that opinion, it was for the trier of fact to decide whether [the driver] had breached his responsibilities”); Dubois Fence & Garden Co. v. Stevens, 296 So.2d 116, 117-19 (Fla. 1st DCA 1974) (affirming the order granting a new trial in favor of the plaintiffs and noting that the engineer testified that had the appellant *8 applied and held his brakes, he could have stopped before impact).
This case presents a situation where the plaintiff failed to present sufficient evidence from which a reasonable jury could render a verdict in its favor. The trial court correctly recognized this when it explained that, while it did not grant the motion for directed verdict lightly, it did believe that the evidence could support no other ruling. The final judgment should be affirmed.
Accordingly, I concur in part and dissent in part.